**Laslo BERESH, Plaintiff,**

v.

**RETAIL CREDIT CO., INC., a California corporation, et al., Defendants.**

**Civ. No. 73-240-HP.**

United States District Court,
C. D. California.

May 18, 1973.

Fred J. Martino, Los Angeles, Cal., for plaintiff.

Cosgrove, Cramer, Rindge & Barnum, J. D. Barnum, Los Angeles, Cal., for defendant Retail Credit Co.

Agnew, Miller, Carlson & Powers, Michael A. Nishkian, Los Angeles, Cal., for defendant Sovereign Life Ins. Co. of Cal.

Dunne, Shallcross & Kane, Russell E. Shallcross, Los Angeles, Cal., for defendant Informative Research Inc.

## MEMORANDUM AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR TO DISMISS, AND MOTION TO STRIKE

PREGERSON, District Judge.

This is an action for damages for alleged violation of the Fair Credit Reporting Act [hereinafter "Act"], 15 U.S.C. § 1681 et seq. The matter came before the court on April 30, 1973 on defendant Sovereign Life Insurance Company's motion for summary judgment [F.R.Civ.P. 56] or to dismiss for failure to state a claim [F.R.Civ.P. 12(b)(6)], and motion to strike [F.R.Civ.P. 12(f)] certain damage claims alleged in the complaint.

It appears that Sovereign Life caused defendant Retail Credit and defendant Informative Research[1] to prepare certain investigative reports on plaintiff Beresh for the purpose of determining whether he was totally disabled as a result of a water skiing accident which occurred on May 15, 1971.

Beresh claims that Sovereign Life used these reports as a basis for terminating his monthly payments under an existing disability income policy issued by Sovereign Life on January 21, 1971.

Beresh also asserts that the reports prepared by Retail Credit and Informative Research are "consumer reports" and "investigative consumer reports" within the meaning of 15 U.S.C. § 1681a (d) and (e) and that Sovereign Life violated the Act by failing to make the disclosures required by 15 U.S.C. §§ 1681d (a) and 1681m(a).

Sovereign Life says that the reports were part of a "normal and routine claims investigation" to determine whether Beresh was actually disabled; that such reports do not fall within § 1681a(d) and (e) and are, therefore, exempt from the disclosure requirements of the Act.

The crucial point raised by Sovereign Life in its motion for summary judgment or to dismiss is whether the reports are "consumer reports" or "investigative consumer reports" within the meaning of 15 U.S.C. § 1681a(d) and (e).[2] The court concludes that the reports fall within the definitions set forth in § 1681a and that compliance with the disclosure provisions of the Act was required.

Section 1681a(d) defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, personal characteristics, or mode of living which is used or expected to be used . . . for the purpose of serving as a factor in establishing the

---

1. There is no dispute that Retail Credit and Informative Research are "consumer reporting agenc[ies]" within the meaning of 15 U.S.C. § 1681a(f). Further, it appears that their investigations, in part, consisted of talking to Beresh's "neighbors, and his former or present employers." (Gregg affid. p. 2) 15 U.S.C. § 1681a(e).

2. An "investigative consumer report" is, basically, nothing more than a type of "consumer report . . . in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates . . . or with others . . . . ." 15 U.S.C. § 1681a(e). The primary question before the court is whether the investigative reports in question are "consumer reports" at all.

consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or other household purposes . . . or (3) other purposes authorized under section 1681b. . . . " One purpose authorized under § 1681b is where "a legitimate business need [exists] for the information in connection with a business transaction involving the consumer." 15 U.S.C. § 1681b(3) (E).

Beresh suggests that because these reports were used to deny him disability benefits, they fall within that part of the definition of "consumer report" which refers to the use of such reports "as a factor in establishing the consumer's eligibility for . . . insurance . .." He argues that this language was meant to include his continued eligibility for disability benefits under an insurance policy which had already been issued to him. The flaw in that argument is that it goes beyond the plain meaning of those words. Clearly, the reports in question were not used "as a factor in establishing" Beresh's "eligibility for . . . insurance."

Beresh also urges that the reports were used by Sovereign Life "in connection with a business transaction involving [a] consumer."[3] The court holds that the broad language of § 1681b(3) (E) embraces the insurance claims investigative reports in question. There is no doubt that Retail Credit and Informative Research were procured by Sovereign Life to prepare these reports "in connection with a business transaction" involving the insurance company and its insured Beresh, a consumer.

The court's holding is fortified by the explicit purpose of Congress to require consumer reporting agencies to act "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of information" which is gathered about him. 15 U.S.C. § 1681 (b).

Additionally, pursuant to F.R.Civ.P. 12(f), defendant urges the court to strike those portions of the complaint which allege actual damages. Defendant contends that although § 1681n allows the consumer to recover "any actual damages sustained by the consumer as a result of the failure" to comply with the Act, the damages alleged in the complaint have no connection with defendant's noncompliance. The court concludes that, subject to proof, the damages pleaded may have been proximately caused by defendant's alleged failure to comply with the Act, and, therefore, it would be inappropriate to strike those allegations.

Accordingly,

It is ordered that defendant Sovereign Life Insurance Company's motion for summary judgment or to dismiss, and motion to strike are denied.

---

**3.** There is no dispute that the insurance company had a legitimate business need for the information.