**Milton MENDE, Plaintiff-Appellant,**

v.

**DUN & BRADSTREET, INC., Defendant-Appellee.**

**No. 80–5711.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1982.

Decided Feb. 25, 1982.

Michael J. Schwartz, Law Offices of Michael J. Schwartz, Canoga Park, Cal., for plaintiff-appellant.

Edwin Freston, Los Angeles, Cal., argued, for defendant-appellee; Lew W. Cramer, Los Angeles, Cal., on brief.

Before PREGERSON and FERGUSON, Circuit Judges, and WEIGEL,* District Judge.

FERGUSON, Circuit Judge:

## I. BACKGROUND

In 1978, plaintiff Mende filed a complaint against defendant Dun & Bradstreet in the state superior court. A month later the complaint was removed to federal district court under diversity jurisdiction. Plaintiff's complaint sought damages and injunctive relief from Dun & Bradstreet for alleged improper consumer credit reporting pursuant to the California Consumer Credit Reporting Agencies Act, Cal.Civ.Code § 1785 et seq. Plaintiff's four causes of action were for (1) reporting obsolete credit

---

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

information, (2) reporting inaccuracies in consumer reports, (3) failure to reinvestigate or delete inaccurate or unverifiable information, and (4) an injunction against the issuance of defendant's reports.

Dun & Bradstreet filed an answer denying, *inter alia*, that it had an obligation to comply with the pertinent sections of the California Consumer Credit Reporting Agencies Act ("California Act").

Dun &. Bradstreet subsequently filed an amended answer that did not raise any new defenses but that included a counterclaim for attorneys' fees. On June 10, 1980, the district court granted a motion of defendant for an order compelling plaintiff to answer interrogatories and for attorneys' fees in the amount of $300.

Three days later, plaintiff filed a notice of a motion for leave to file an amended complaint. Plaintiff's proposed amended complaint added new theories based on federal statutes, the United States Constitution, libel and negligence laws.

Defendant filed various affidavits in support of its motion for summary judgment. The district court denied plaintiff's motion to amend his complaint and granted summary judgment against plaintiff. The district court concluded that Dun & Bradstreet is not a business entity within the provisions of the California Act and, in particular, is not a "consumer credit reporting agency" within the meaning of the Act.

This appeal presents two issues:

1. Was it an abuse of discretion for the trial court to deny plaintiff's motion to file an amended complaint?

2. Did the district court properly grant summary judgment against plaintiff?

## II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

█ The allowance of leave to amend lies within the discretion of the trial court and

is reviewable only for an abuse of discretion. *Izaak Walton League of America v. St. Clair*, 497 F.2d 849 (8th Cir. 1974). *See also Kirby v. P. R. Mallory & Co.*, 489 F.2d 904, 912 (7th Cir. 1973). The only question here is whether the court abused its discretion in denying plaintiff's motion to amend.

█ In the instant case, the complaint was filed in federal court on April 24, 1978. The plaintiff filed a notice of a motion for leave to amend on June 13, 1980, 25 months after the original complaint. The amended complaint is brought only to assert new theories, not because any new facts came to plaintiff's attention. It is worth noting that the amended complaint was filed three days after the court ordered plaintiff to answer interrogatories, to deliver them to defendant no later than July 25, 1980, and to pay defendant $300 in attorney's fees. Thus, the court apparently believed there had been undue delay even before plaintiff filed his amended complaint. It is also noteworthy that plaintiff filed a lawsuit against defendant in 1966 asserting causes of action for libel, slander, invasion of privacy, and interference with business relationships.[1] In view of plaintiff's delay in answering interrogatories, the 25-month delay between the filing of the initial complaint and the motion to amend, the discovery of no new facts, the revival of some previously used theories, and the further preparation that the admission of new causes would require, we conclude that the trial court did not abuse its discretion by denying leave to amend.

## III. DID THE DISTRICT COURT PROPERLY GRANT SUMMARY JUDGMENT?

Plaintiff argues that two genuine issues of material fact stood in the way of summary judgment: (A) Whether Dun & Bradstreet reports are consumer credit reports, and (B) whether Dun & Bradstreet is a

---

1. Plaintiff did not inform the court below that some of the issues in the proposed amended complaint had been raised 14 years earlier in *Mende v. Union*, Los Angeles Superior Court Action No. 885 836 (filed May, 1966), which was dismissed for failure to timely amend. Dun & Bradstreet was also named as a defendant in that case.

consumer credit reporting agency. The significance of these question is that an affirmative answer to each could subject Dun & Bradstreet to liability under the California Act for disseminating false or obsolete information about a consumer.

A. The Dun & Bradstreet Reports in Issue Are Not Consumer Credit Reports Within the Meaning of the California Act.

The California Act defines a "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal family or household purposes, or (2) employment purposes, or (3) other purposes authorized in Section 1785.11.

Cal.Civ.Code § 1785(c). No California case construes the term "consumer credit report" in the California Act; the parties therefore have examined the construction of the virtually identical phrase "consumer report" in the Federal Fair Credit Reporting Act ("Federal Act"), 15 U.S.C. § 1681 *et seq.* The legislative history of the Federal Act supports the proposition that the definition does not cover business credit reports. S.Rep.No. 91–517, 91st Cong., 1st Sess. (1969) (Committee on Banking & Currency).

Defendant maintains that the Dun & Bradstreet Reports relate to the business entities in which plaintiff participated. Moreover, defendant has filed affidavits to the effect that it only provides credit information concerning business entities or individuals engaged in their business capacities. The affidavits indicate that Dun & Bradstreet has not prepared consumer reports since 1974. Dun & Bradstreet also requires that its subscribers sign an agreement that they will use reports on businesses only as a basis for credit to businesses in their capacity as such.

The instant case is like *Wrigley v. Dun & Bradstreet*, 375 F.Supp. 969 (W.D.Ga.1974), in which the court granted summary judgment against Wrigley on the following findings and conclusions:

> ... The Court finds that the undisputed facts of the instant action are that Dun & Bradstreet issued its credit report on Wrigley Construction Co. for Dun & Bradstreet subscribers to use in deciding whether to extend commercial credit to Wrigley Construction Co. It is therefore clear that the Fair Credit Reporting Act would not ordinarily apply to the credit report issues on Wrigley Construction Co.

> \* \* \* \* \* \*

> ... Dun & Bradstreet issued a credit report on Wrigley Construction Co. which contained information on the personal financial situation of Mr. Wrigley. The credit report issued was for the extension of commercial credit and the Fair Credit Reporting Act therefore does not apply. Accordingly, the Court grants Dun & Bradstreet's motion for summary judgment.

*Id.* at 970, 971 (footnote omitted).

Mende filed no competent evidence in the trial court opposing the Dun & Bradstreet affidavits. He made no showing whatsoever that the reports were used for consumer purposes. The trial court properly used the affidavits to find that there was no genuine issue of material fact as to whether Dun & Bradstreet issued a consumer credit report. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine issue of fact." Notes of Advisory Committee on Rules, Fed.R.Civ.Proc. 56(e).

■ Plaintiff suggests that the reports here at issue "could" have been used as consumer credit reports, and on that basis argues for the application of the very expansive definition of consumer credit report in *Belshaw v. Credit Bureau of Prescott,*

392 F.Supp. 1356 (D.Ariz.1975).[2] *Belshaw* held that

> "consumer report" must be interpreted to mean any report made by a credit reporting agency of information *that could be used* for one of the purposes enumerated in § 1681a.

*Id.* at 1359–60 (emphasis in the original). The *Belshaw* definition depends on whether information could be used for certain purposes, not on whether it is collected for certain purposes. This expansive interpretation of consumer report has been criticized as bringing "within the coverage of the Act any gathering of information about an individual, even if the context were such clearly non-consumer activities as engagement in profit-making transactions . . . or litigation against a defendant whose insurer requests a report . . . ." *Henry v. Forbes*, 433 F.Supp. 5, 9 n.5 (D.Minn.1976).

Here there was no evidence that the reports were used for any other purpose than their intended purpose as commercial credit reports. We do not believe that the mere fact that a report could be used as a consumer report is enough to make it one. More is required; however, we reserve the question of just what additional showing is required until a case properly presents the issue.

In passing, we note that the present case is very different from *Beresh v. Retail Credit Co.*, 358 F.Supp. 260 (C.D.Cal.1973). *Beresh* held that reports prepared by a consumer-reporting agency for the purpose of determining whether an insured was disabled, and purportedly used by the insurer for the purpose of terminating monthly payments, were "consumer reports" within the meaning of the Federal Act. The court reasoned that the reports were consumer reports within the meaning of the Federal Act because they were used "in connection with a business transaction involving a consumer." 358 F.Supp. at 262. In *Beresh*, there was no dispute that the credit agency was a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f). Second, Beresh was a consumer who had bought personal insurance. In contrast, Dun & Bradstreet disputes that it is a consumer reporting agency. Moreover, Dun & Bradstreet claims that its reports relate to Mende only in his business capacity, not his individual consumer capacity. Thus, *Beresh* is clearly distinguishable.

**B. Dun & Bradstreet Is Not a Consumer Credit Reporting Agency.**

■ The California Act defines "consumer credit reporting agency" to mean

> any person who, for monetary fees, dues, or on a cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . .

Cal.Civ.Code § 1785.3(d). As discussed above in subpart III(A), Dun & Bradstreet affidavits show that its credit information concerns business entities or individuals engaged in business in their business capacities, and not as consumers. On the basis of these affidavits, it appears that Dun &

---

**2.** *Belshaw* is easily distinguishable on its face from the present case and from other cases that have applied more restrictive interpretations to the Federal Act. Indeed, *Belshaw* expressly distinguished previous cases, including *Wrigley v. Dun & Bradstreet, Inc.*, 375 F.Supp. 969 (N.D.Ga.1974), that had construed the Federal Act more narrowly:

> In those cases the Act was construed as not applicable to reports made by credit reporting agencies on individuals where a corporation or business in which the individual was a principal had applied for credit or insurance. Those cases are readily distinguishable from the present case in two respects.

> First, if an individual chooses to do business as a corporation in order to limit his liability, he must not expect the same degree of privacy as other individuals when applying for credit. He could apply for credit as an individual and retain the protection of the Act if he wishes. Second, in each of these cases, the individual was aware that his company had applied for credit or insurance and might be investigated.

392 F.Supp. at 1360. The report in *Belshaw* was made with respect to the plaintiff as an individual consumer; the Dun & Bradstreet reports in the instant case are made with respect to Mende in his business capacity.

Bradstreet is not a consumer credit reporting agency. Under the Federal Act, if a reporting entity is not a consumer reporting agency within the meaning of the Act, then such entity cannot be held to have violated the statute, and dismissal is required. *Belshaw v. Credit Bureau of Prescott, supra*, at 1361. The same result should follow under the California Act.

CONCLUSION

First the district court did not abuse its discretion by denying plaintiff's motion to amend his complaint. Second, the district court properly granted summary judgment because there was no genuine issue of material fact. Defendant's affidavits, which were not controverted by any affidavits or other evidentiary material filed by Mende, were sufficient to show that Dun & Bradstreet does not issue consumer credit reports and that it is not a consumer credit reporting agency within the meaning of the California Act.

AFFIRMED.