**GENENTECH, INC., Plaintiff,**

v.

**ABBOTT LABORATORIES, Defendant.**

**No. C–88–0889 MHP.**

United States District Court,
N.D. California.

March 29, 1989.

Stephen Raines, Brian C. Cunningham, South San Francisco, Cal., Coe A. Bloomberg, Lyon & Lyon, Los Angeles, Cal., for plaintiff.

C. Lee Cook, Juris Kins, Andrew M. Gardner, Chadwell & Kayser, Chicago, Ill., Mark E. Barmak, Katherine G. Defer,

North Chicago, Ill., Michael F. Borun, Marshall, O'Toole, Gerstein, Marray & Bicknell, Chicago, Ill., Stephen C. Lewis, Landels, Ripley & Diamond, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiff Genentech, a pharmaceutical company, filed suit against Abbott Laboratories, another pharmaceutical company, seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that a recombinant product produced by plaintiff does not infringe patents issued to defendant. Abbott Laboratories filed a counterclaim asking for a judgment that its patents are valid and have been infringed, and sought damages for infringement.

The action now comes before the court on plaintiff's motion, pursuant to Federal Rule of Civil Procedure 15, to amend parts of the complaint for declaratory relief. Since defendant Abbott Laboratories does not object to certain additions proposed by plaintiffs, the court grants plaintiff's motion as unopposed with respect to those parts. Having considered the papers and arguments submitted by the parties, the court now grants plaintiff's motion to add paragraphs 10(a); 10(b); 10(d)(iii), (iv), (vi), and (vii); and 11 as provided in the amended complaint for declaratory relief.

## BACKGROUND

The factual background concerning this dispute was discussed extensively in the court's order of March 13, 1989, and shall not be repeated in detail here. In March 1988, plaintiff Genentech filed a complaint with this court, seeking a declaration that the Hung patents are invalid because they fail to comply with 35 U.S.C. § 112, the statutory requirement of enablement. In the order of March 13, 1989, the court denied plaintiff's motion seeking summary judgment that defendant's patents were not enabling within the meaning of 35 U.S.C. § 112.

Genentech now seeks to amend its complaint to include the following: 1) claims against defendant under 35 U.S.C. § 101, which requires that a patent be useful (paragraph 10(a) of the proposed amended complaint); 2) claims under 35 U.S.C. § 102, which require that a patent be novel and unanticipated, and under 35 U.S.C. § 103, which requires that a patent not be obvious (paragraph 10(b)); 3) allegations of fraudulent acts by defendant before the Patent Office (paragraph 10(d)(iii), (iv), (vi) and (vii)); and 4) an allegation that defendant is estopped from asserting its counterclaims for infringement against Genentech.

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). As the Ninth Circuit has stated, Rule 15's policy of permitting amendments "should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citations omitted).

In determining whether amendments are appropriate, courts commonly consider four factors: 1) bad faith of the moving party, 2) delay in the proceedings, 3) prejudice to the nonmoving party, and 4) futility of amendment. *DCD Programs*, 833 F.2d at 186 (citation omitted). These factors are not equally important; the possibility of delay alone cannot justify denial of leave to amend. *Id.* Of particular concern is avoiding prejudicial effects upon the nonmoving party. *Id.* at 187 (citing *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir.1984)). Thus, the Federal Circuit, in a case applying Ninth Circuit law, has stated: "The single most important factor is whether prejudice would result to the nonmovant." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986) (citing *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 n. 68 (9th Cir.1981), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982)). Furthermore, since Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why

leave to amend should not be granted. *Senza–Gel Corp.*, 803 F.2d at 666.

■ In the instant case, defendant contends that several of plaintiff's proposed amendments would unduly prejudice the defendant. Defendant asserts that the addition of the amendments in issue would require it to depose numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery. Defendant further argues that additional discovery will postpone the trial date.

Such delays do not constitute undue prejudice to the defendant. Plaintiff has offered plausible reasons for its earlier failure to include allegations under 35 U.S.C. §§ 101, 102, 103 and 112, as well as its contention that the patent is unenforceable because it was obtained through inequitable conduct before the Patent Office. According to the plaintiff, facts came to light only after the original complaint was filed and during the course of discovery, which was limited to the enablement issue. The court need not speculate on the ultimate persuasiveness of those new facts, but notes that plaintiff has made credible representations regarding changed circumstances.[1]

Defendant nevertheless maintains that the liberal policy of Rule 15 should not be applied here. Cases cited by the defendant, however, are easily distinguishable from the case at bar. In *Tenneco Resins, Inc. v. Reeves Bros., Inc.*, 752 F.2d 630, 635 (Fed.Cir.1985), the Federal Circuit affirmed the district court's denial of leave to amend a reply to a counterclaim, which would have added the defenses of invalidity and unenforceability. The *Tenneco* plaintiff appealed the district court's denial of leave to amend eleven years after the original complaint had been filed, after numerous proceedings in three different district courts involving four patents, and the conclusion of one trial on the merits. *Id.* at

631–33. The appellate court noted that the plaintiff had foregone at least four opportunities to try to amend its complaint, and had not appealed the district court's denial of leave to amend until five years after that ruling. *Id.* at 634. The court found that the plaintiff offered no reason for the delay in pressing its defense. *Id.* Given those circumstances and the protracted litigation, the Federal Circuit agreed with the district court that the additional discovery would create significant prejudice for the defendant. *Id.* at 634–35. Obviously, such egregious facts are not present in the instant case.

Another case relied on by the defendants, *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982), is also distinguishable. In *Jordan*, nearly two years after the original complaint had been filed, the plaintiff sought leave to add an equal protection claim under state law to a complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981. *Jordan*, 669 F.2d at 1324. The Ninth Circuit affirmed the district court's denial of plaintiff's motion, on the grounds that it would require extensive, costly discovery, and that plaintiff had presented no reasons for the failure to include the cause of action in his original complaint. *Id.* Unlike *Jordan*, plaintiff here has provided reasons for the failure to include the causes of action in its original complaint. In addition, discovery has been limited in the instant case.

The other cases cited by the defendant are similarly inapposite. *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982), affirmed a denial of leave to amend where the motion was filed twenty-five months after the original complaint had been filed, where no new facts had been discovered, and where the district court apparently "thought there had been undue delay even before plaintiff filed his amend-

1. In its papers, defendant alleges that Genentech "knowingly drafted its complaint and consciously decided to challenge validity only under § 112." Defendant does not explicitly allege

bad faith by Genentech, nor does the court find evidence of such that would weigh against granting plaintiff's motion.

ed complaint." *Id.* at 131. These facts clearly differ from those in the instant case.

Defendant also cites dicta from *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir.1973) stating that the necessity for additional discovery might justify denying leave to amend. In *Howey,* the Ninth Circuit found that the district court had abused its discretion when it refused to grant a motion to amend made after the close of discovery and on the second day of trial. *Id. Howey* held that there had been no showing of undue prejudice or bad faith, and that delay alone could not justify denying the motion to amend. *Id.* at 1192. Thus, rather than supporting defendant's position, *Howey* actually cuts against it. The court finds that defendant has failed to present any evidence of undue prejudice that will occur if plaintiff is allowed to amend its complaint. Accordingly, plaintiff's motion is granted.

CONCLUSION

Plaintiff's motion for leave to amend its complaint is GRANTED in its entirety, pursuant to Federal Rule of Civil Procedure 15. The amended complaint, attached to plaintiff's memorandum, shall be deemed filed on March 13, 1989, the date of the court hearing. Defendant shall have twenty (20) days from March 13, 1989, in which to file its answer to the amended complaint.

IT IS SO ORDERED.