[No. G006072. Fourth Dist., Div. Three. June 30, 1989.]

DAVID KEMP, Plaintiff and Appellant, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.

COUNSEL

David Boros for Plaintiff and Appellant.

Howard, Moss, Loveder & Strickroth, Michael J. Strickroth, Mower & Koeller, Robert C. Carlson, Parker, Stanbury, McGee, Babcock & Combs, Timothy D. Lucas, Lewis, D'Amato, Brisbois & Bisgaard and Edward D. Hess, Jr., for Defendants and Respondents.

## OPINION

**WALLIN, J.**—David Kemp filed an action against the County of Orange, its workers' compensation insurance adjuster, and others for invasion of privacy and violation of the federal Fair Credit Reporting Act. The defendants' demurrers to the first amended complaint for failure to state causes of action were sustained without leave to amend. On appeal from the subsequent judgment of dismissal, Kemp does not seek the right to amend but contends the facts pleaded are sufficient as a matter of law. We affirm.

### I

In his first amended complaint Kemp alleges he filed a workers' compensation claim against his employer, defendant County of Orange, which was ultimately denied by the county's independent adjuster, defendant Gates, McDonald & Co. The matter was referred to the Workers' Compensation Appeals Board. Through its attorney, defendant James Holper, the adjuster hired a private investigator, defendant David Douglass, to "obtain facts . . . necessary to evaluate Plaintiff's claim and/or contest Plaintiff's claim before the Worker's [*sic*] Compensation Appeals Board."

Douglass obtained Kemp's credit history from a consumer credit reporting agency, defendant Credit Bureau Services, personally interviewed Kemp's business associates, and prepared a report which was "used by Defendants as a basis for denying Plaintiff's worker's compensation claim." The report allegedly contained some false information.

The first and second causes of action are against all defendants. The first alleges a violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) for failure to disclose the Douglass report to Kemp. The second alleges an invasion of privacy for the "unauthorized use of credit information . . . which [was] entitled to be private." The third cause of action, against Credit Bureau Services only, alleges a violation of the Fair Credit Reporting Act for failure to verify the intended use of Kemp's credit profile.

The county, the adjuster, the attorney and Douglass demurred. All demurrers were sustained without leave to amend and judgment of dismissal was entered.[1]

### II

The demurrers claimed Kemp failed to state a cause of action under the Fair Credit Reporting Act (FCRA) because the report he alleged

---

[1] Credit Bureau Services did not demur and consequently is not a party to this appeal.

is not a "consumer report" and need not be disclosed under the statute. Kemp argues a California federal district court has held such a report falls within the statutory definition (*Beresh* v. *Retail Credit Co.* (C.D.Cal. 1973) 358 F.Supp. 260) and this court is bound by that holding.

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." (15 U.S.C. § 1681 (b).) As a safeguard the act requires that the existence, contents and use of "consumer reports" be disclosed to the consumer, allowing him or her to dispute any information in them. (15 U.S.C. §§ 1681d, 1681n, 1681g, 1681i.) Damages are prescribed for noncompliance. (15 U.S.C. §§ 1681n, 1681p, 1681q.)

The question before us is whether an insurance claim report is a "consumer report" under the FCRA. This question has been squarely presented to several courts, and the clear majority has held such a report does not fall within the act's regulation. ▆▆▆▆ Our review of these cases convinces us to agree.[2]

▆▆ "Consumer report" is defined by the act as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title. . . ." (15 U.S.C. § 1681a.)

Section 1681b authorizes a consumer reporting agency to furnish a consumer report "[t]o a person which it has reason to believe—[¶] (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or [¶] (B) intends to use the information for employment purposes; or [¶] (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or [¶] (D) intends to use the information

---

[2] Contrary to Kemp's assertion, we are not bound by *Beresh* v. *Retail Credit Co., supra,* 358 F.Supp. 260. Where the United States Supreme Court has not ruled on a federal question, state courts are free to evaluate the persuasiveness of conflicting views. (*People* v. *Neer* (1986) 177 Cal.App.3d 991, 1000-1001 [223 Cal.Rptr. 555].)

in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or [¶] (E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer."

In *Cochran v. Metropolitan Life Ins. Co.* (N.D.Ga. 1979) 472 F.Supp. 827, the plaintiff made a claim for continued disability benefits. The insurer ordered an insurance claim report to evaluate the legitimacy of the disability. The report consisted of interviews of plaintiff's neighbors, conducted without prior notice to him. Plaintiff sued his insurer and the credit reporting agency for a violation of the FCRA. The defendants moved for summary judgment, claiming the report was not regulated by the act.

The court granted the summary judgment. Although the plaintiff urged an interpretation of section 1681b(3)(E) ("otherwise . . . in connection with a business transaction involving the consumer") which would include claim reports, the court used well-established canons of construction to resolve the apparent conflict between that subsection and section 1681a. "We must harmonize an apparent conflict of the sections, one drawing precise boundaries of application and the other suggesting no restrictions on application. . . . The conflict is resolved by recognizing the preeminence of § 1681a and then conforming the breadth of § 1681b to the former's bounds. Not to do this would render unnecessarily meaningless the § 1681a restrictive language and thereby would ignore a staunch canon of statutory interpretation." (*Cochran v. Metropolitan Life Ins. Co., supra,* 472 F.Supp. at p. 831.) The court concluded the term "consumer report" means a report prepared to determine an applicant's eligibility for insurance, not information gathered to substantiate disability claims. (*Ibid.*)

The *Cochran* court pointed out that the Federal Trade Commission, the agency charged with enforcing the FCRA, has declared insurance claim reports are not regulated by the act because they are not used to determine eligibility for or to decide underwriting of insurance. (*Cochran v. Metropolitan Life Ins. Co., supra,* 472 F.Supp. at pp. 831-832.) And the legislative history of the act clearly indicates it was not intended to cover insurance claims. "The lengthy and heated debates surrounding: the introduction of the broadly-worded Senate bill, . . . the counter of the more protective House bill, . . . and the compromising conference amendment to a banking bill, . . . never referenced insurance claims reports. [Citation.] Three years after enactment, the original sponsor, Sen. William Proxmire, noted that such reports were not covered but perhaps ought to be. [Citation.] He thereupon proposed an amendment to the Act which would include the

gathering of information on insurance claims. [Citation.] The amendment was never enacted. [Citation.]" (*Ibid.*)

With one exception, all other courts presented with the same question have followed the analysis and conclusion of the *Cochran* opinion. (*Hovater* v. *Equifax, Inc.* (11th Cir. 1987) 823 F.2d 413; *Houghton* v. *New Jersey Mfgs. Ins. Co.* (3d Cir. 1986) 795 F.2d 1144; *Kiblen* v. *Pickle* (1982) 33 Wn.App. 387 [653 P.2d 1338].) The exception is *Beresh* v. *Retail Credit Co., Inc., supra,* 358 F.Supp. 260.

In *Beresh,* the court considered whether an investigative reports claim for total disability fell within the FCRA. After a cursory examination of sections 1681a and 1681b, the court concluded the reports "were not used 'as a factor in establishing' Beresh's 'eligibility for insurance' " but were prepared " 'in connection with a business transaction' involving the insurance company and its insured Beresh, a consumer." (*Beresh* v. *Retail Credit Co., Inc., supra,* 358 F.Supp. at p. 262.)

We are compelled to follow *Cochran* and its progeny in light of the overwhelming evidence of legislative intent. Thus, we conclude the report prepared to evaluate Kemp's workers' compensation claim is not covered by the FCRA and the demurrers to the first cause of action were properly sustained.

### III

█ Kemp asserts the demurrers to his second cause of action for invasion of privacy were improperly sustained. He claims he has pleaded all the elements of the tort and that the cause of action is not barred on its face against his employer, the adjuster, and the adjuster's attorney by the exclusive remedy rule (Lab. Code, § 3852) or against the adjuster and the adjustor's attorney by the official proceedings privilege (Civ. Code, § 47). We need not reach the latter two issues, however, because Kemp has failed to state a cause of action for invasion of privacy.

█ To plead an invasion of privacy a plaintiff must allege (1) a public disclosure of (2) private facts which is (3) offensive to a person of reasonable sensibilities. (*Sipple* v. *Chronicle Publishing Co.* (1984) 154 Cal.App.3d 1040, 1045-1046 [201 Cal.Rptr. 665].) █ Kemp emphasizes repeatedly in his brief that defendants' offensive act is their willful violation of the FCRA: "To avoid any confusion of issues, it is not the investigator's report per se which is at issue; rather, it is the failure to disclose so that plaintiff could have challenged and/or corrected any erroneous information contained therein." Because we have found defendants were not required to

disclose the report, Kemp can no longer use the alleged violation to support his cause of action.

Neither can Kemp base his cause of action on an unreasonably intrusive investigation, as in *Noble* v. *Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654 [109 Cal.Rptr. 269, 73 A.L.R.3d 1164]. In *Noble* a private investigator for the defendant in a personal injury action gained entry into the plaintiff's hospital room and, by deception, obtained the address of a witness to the accident. The court found plaintiff had "an exclusive right of occupancy of her hospital room" and such an unreasonably intrusive investigation could violate a plaintiff's right to privacy. (*Id.,* at p. 660.)

The failure to disclose an insurance claims investigation report does not reach *Noble*'s level of intrusiveness or invade any protected right to privacy. *Noble* involved a physical intrusion into a place where the plaintiff had a right to be undisturbed. The acts alleged here are markedly different.

IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment of dismissal is affirmed.

Scoville, P. J., and Sonenshine, J., concurred.

---

* See footnote, *ante,* page 1422.