**Cory HORTON, on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**CALVARY PORTFOLIO SERVICES, LLC, Defendant.**

**Civil No. 13cv0307 JAH(WVG).**

United States District Court, S.D. California.

Signed July 23, 2014.

Filed July 24, 2014.

---

Sergei Lemberg, Stephen Taylor, Lemberg & Associates, LLC, Stamford, CT, for Plaintiff.

Tomio B. Narita, Christopher Spain, Jeffrey Alan Topor, Lindsey Anne Morgan, Sarah H. Scheinhorn, Simmonds & Narita LLP, San Francisco, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM [DOC. # 31]

JOHN A. HOUSTON, District Judge.

### INTRODUCTION

Currently pending before this Court is the motion for leave to file an amended answer and counterclaim filed by defendant Calvary Portfolio Services, LLC ("defendant"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS defendant's motion.

### BACKGROUND

The instant class action complaint, filed on February 7, 2013, alleges defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, when it placed telephone calls in an attempt to collect a debt incurred by plaintiff Corey Horton ("plaintiff") for the purchase of a used GMC truck through a credit account placed with Navy Federal Credit Union. Defendant purchased the debt from Navy Federal Credit Union. Defendant filed an answer to the complaint on April 14, 2013. A scheduling order setting deadlines for pretrial proceedings was filed on October 25, 2013.

Defendant timely filed the instant motion on November 26, 2013, in which it seeks leave to file an amended answer along with a

counterclaim. Plaintiff filed an opposition to the motion and defendant filed a reply brief. Thereafter, this Court took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant seeks leave to file an amended answer adding an omitted counterclaim against plaintiff.

### 1. Legal Standard

Leave to add a counterclaim omitted from the original answer is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure which states that:

a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2). The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981).

Granting leave to amend rests in the sound discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines,* 761 F.2d 1386, 1390 (9th Cir.1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Laboratories,* 127 F.R.D. 529 (N.D.Cal.1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. *See Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See Forsyth v. Humana,* 114 F.3d 1467, 1482 (9th Cir.1997); *DCD Pro-grams,* 833 F.2d at 186; *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *DCD Programs,* 833 F.2d at 186; *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1053 (9th Cir.1981). A motion to amend may also be denied if the new cause of action would be futile. *See Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

### 2. Analysis

Defendant seeks to file an amended answer along with a counterclaim against plaintiff for breach of contract, contending the proposed counterclaim is a viable compulsory breach of contract claim and that the *Foman* factors weigh in favor of allowing leave to amend. *See* Doc. # 31. In opposition, plaintiff contends the motion should be denied because (a) the amendment is futile and, thus, the motion is taken in bad faith; and (b) there is no jurisdiction over the counterclaim. *See* Doc. # 38.

#### a. Futility and Bad Faith

Plaintiff first contends that leave to amend should be denied on futility grounds because the proposed new counterclaim is untimely. Doc. # 38 at 4–8. Plaintiff further contends that, because defendant seeks to add an untimely counterclaim, defendant's motion is filed in bad faith. *Id.* at 7. In reply, defendant contends that Virginia law requires a factual inquiry in determining whether tolling of the limitations period should be applied and, under the circumstances here, the facts clearly indicate that tolling should apply. Doc. # 40 at 2–6. Therefore, defendant contends that plaintiff's

futility argument and his related bad faith argument fail. *Id.* at 6–7.

This Court finds no reason to deny defendant's motion on futility grounds. Plaintiff does not argue that prejudice will result or undue delay has occurred. Although plaintiff does present a persuasive argument supporting his claim that the proposed counterclaim is untimely, defendant also presents persuasive arguments in response. Thus, it is far from clear from the pleadings presented that the counterclaim is untimely. Therefore, this Court finds that defendant's proposed amendment is not futile.

### b. Jurisdiction

■ Plaintiff also argues that defendant's proposed counterclaim is not compulsory and this Court should decline to exercise supplemental jurisdiction over defendant's permissive counterclaim. *See* Doc. # 38 at 8–10.

■ 28 U.S.C. § 1367 governs counterclaims and provides that:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Counterclaims are also governed by Rule 13 of the Federal of Rules of Civil Procedure, which categorizes counterclaims as either compulsory or permissive. *See* Fed.R.Civ.P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R.Civ.P. 13(a)(1)(A). The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. *See Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir.1987). The logical relationship test requires the Court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* Failure to bring a compulsory counterclaim bars a later assertion of that claim. Fed.R.Civ.P. 13(a); *Sams v. Beech Aircraft*, 625 F.2d 273, 276 n. 4 (9th Cir.1980). Federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because plaintiff would otherwise lose the opportunity to be heard on that claim. *See Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).

■ Permissive counterclaims encompass "any claim that is not compulsory" or does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. *See Otsuka v. Polo Ralph Lauren Corp.*, 2008 WL 2037621 * 3 (N.D.Cal.) (citing *Iglesias v. Mutual Life Ins. Co. of New York*, 156 F.3d 237, 241 (1st Cir.1998)); *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1070 (E.D.Cal.2005) (citing *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir.1991)). When there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over such claims if they are "so related to the claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over a permissive counterclaim if (1) the counterclaim raises a novel or complex issue of state law; (2) the counterclaim substantially predominates over the original claims; (3) the original claims have been dismissed; or (4) where there are exceptional circumstances or other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c).

Plaintiff contends that there is no logical relationship between the claims presented in this case and defendant's proposed counterclaim. Doc. # 38 at 9. In reply, defendant contends that, in the Ninth Circuit, a logical relationship between overlapping facts, such as here, has been found on more tenuous connections between those facts. Doc. # 40 at 8 (citing *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987); *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966) (claim for recovery of price of worthless securities logically related to slander claim regarding sales of securities); *Newbery*

*Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1403 (9th Cir.1996) (claim regarding use of equipment logically related to creditor's counterclaim)). Defendant argues that "[t]he factual overlap between [plaintiff] opening his account, breaching his agreement, and receiving calls about his outstanding balance is undeniable." *Id.* Thus, defendant contends the proposed counterclaim is compulsory. *Id.* In addition, defendant contends that, even if the Court finds the counterclaim is permissive, the Court should still exercise supplemental jurisdiction over the claim because there is a common nucleus of operative facts. *Id.*

This Court finds defendant's proposed counterclaim is compulsory, in that the facts concerning plaintiff's alleged breach of contract for failure to pay his debt and defendant's alleged wrongful acts occurring when defendant sought to recover plaintiff's debt clearly overlap significantly. Thus, this Court finds there is a clear logical relationship between the claims, requiring this Court to exercise jurisdiction over defendant's proposed counterclaim. *See Pochiro*, 827 F.2d at 1249. Therefore, this Court find plaintiff's jurisdictional arguments fail.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for leave to file an amended answer and counterclaim [doc. # 31] is **GRANTED;**

2. Defendant shall file its amended answer and counterclaim[1] no later than **August 1, 2014;** and

3. Plaintiff shall answer or otherwise respond to defendant's counterclaim **no later than August 21, 2014.**

---

1. Defendant notes that its proposed counterclaim contains a typographical error. *See* Doc. # 40 at 7. Therefore, this Court deems it appropriate to require defendant to file its amended answer and counterclaim that does not contain the typographical error as opposed to the proposed amended answer and counterclaim submitted as Doc. # 31–2, Exh. A.