**Gary C. SIZEMORE**

v.

**BAMBI LEASING CORPORA-
TION et al.**

**Civ. A. No. 16978.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 18, 1973.

Zachry & Land, Atlanta, Ga., for plaintiff.

Hubert S. Mahan, Roswell, Ga., for Bambi Leasing.

Haas, Holland, Levison & Gibert, Atlanta, Ga., for Mercantile Natl. Bank.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Credit Bureau, Inc. of Ga.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action for damages and penalties as a result of the defendants' failure to comply with the applicable provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Defendant Mercantile National Bank (hereinafter "Mercantile") has moved to dismiss the action for lack of subject matter jurisdiction.

The factual basis upon which this action is predicated is undisputed. On June 2, 1972, G. Sizemore Company (hereinafter "the Company") applied to Bambi Leasing Corporation (hereinafter "Bambi") to lease a 1972 F100 Ford Van (an enclosed panel pick-up truck) for use in connection with the business of the Company. Bambi, through its leasing manager, Bob Smith, telephoned this information to Ronald L. Paschal, Assistant Vice President of Mercantile, in order to induce Mercantile to purchase on discount the proposed motor vehicle lease from Bambi. Mercantile treated the prospective lessee's application as one involving the extension of commercial credit because it concluded from the surrounding facts and circumstances that the application was for business purposes. The plaintiff admits and concedes that the purpose of the application was to secure commercial as opposed to personal credit.[1] Paschal telephoned Dun and Bradstreet (a credit reporting service) and inquired about G. Sizemore Company's credit standing. Paschal received a positive, but inconclusive credit report from Dun and Bradstreet whereupon he consulted the Atlanta Credit Bureau. The Atlanta Credit Bureau conducted a personal credit check upon Gary Sizemore and rendered an unfavorable report to Paschal. Based on the personal report Mercantile advised Bambi it would not accept the lease. Thereafter Bambi informed G. Sizemore Company that it would have to deny the company's application for credit asserting that said denial was based solely on information furnished by G. Sizemore Company and not from any consumer reporting agency or other outside source.

■■ The court is constrained to the view that under the facts presented in the matter *sub judice* the plaintiff does not come within the aegis of protection afforded by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and, therefore, has failed to state a claim upon which this court can grant relief. The Act defines the term "consumer report" as:

"any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of

1. On page 3 of Plaintiff's Brief In Support Of His Answer To Defendant Mercantile's Motion To Dismiss And In Opposition To The Said Motion plaintiff asserts: "Defendant avers that the application for credit was a commercial one and that the Fair Credit Reporting Act does not apply to commercial credit. Plaintiff agrees that the intention of his Company was indeed to secure commercial, as opposed to personal, credit."

serving as a factor in establishing the consumer's eligibility for (1) *credit* or insurance *to be used primarily for personal, family, or household purposes,* or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title." 15 U.S.C. § 1681a(d) (1970).

It is manifest that the use of a credit report in connection with a lease application for business purposes (*i. e.,* an application for *commercial* credit) is therefore without the cloak of protection afforded by the Act. The court is constrained to the view that both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a consumer's business transactions. The court is persuaded that Judge Alvin B. Rubin's analysis and reasoning in Fernandez v. Retail Credit Co., 349 F.Supp. 652 (E.D.La. 1972) [2] is dispositive of the matter *sub judice.* Judge Rubin relied substantially on two passages; one reciting a House floor debate and the other a Federal Trade Commission [3] interpretation:

\* 1 \*

"Insofar as reports of a business nature are concerned, this point was raised continually in our hearings on H.R. 16340 in the Subcommittee on Consumer Affairs, and I think we always made clear that we were not interested in extending this law to credit reports for business credit or business insurance. The conference bill spells this out, furthermore in section 603(d), which defines a 'consumer report' as a report, and so on, 'which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing

the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes' and so forth. Mrs. Sullivan, Congressional Record—House, Oct. 13, 1970, H 10052, H 10053.

\* 2 \*

"*Credit or Insurance to be Used Primarily For Personal, Family or Household Purposes.* This section [§ 603(d)(a)] serves as a limiting factor on such reports. Thus, if the purpose for which the information is collected *and* for which the report is obtained is to extend business credit to an individual or a sole proprietorship, the information would not be a consumer report and the Act would not apply. If the credit or insurance is to be extended to some form of business organization such as a partnership or corporation, again, the Act would not apply." CCH, Consumer Credit Guide, #11,304 A.1. (Emphasis original).

The plaintiff confronted with the language of the Act argues as follows:

"By treating Plaintiff's application for credit as a personal request, as opposed to a commercial application, Defendant subjected itself to the requirements of the Fair Credit Reporting Act . . . If Defendant's Motion is to be sustained then the intent of the Act . . . could easily be frustrated. Commercial applications for credit by sound businesses could be denied, or more importantly, the cost increased, if consumer reporting agencies or the users of their reports could with impunity check the personal credit of applicants and base their actions thereupon without giving any notice of such action to an applicant. It was precisely this that the Act was

---

2. *See, e. g.* Beresh v. Retail Credit Co., 358 F.Supp. 260 (C.D.Cal.1973).

3. The Federal Trade Commission, Division of Special Projects, Bureau of Consumer Protection is one of the agencies charged with administrative enforcement of the Act. 15 U.S.C. § 1681s. An official administrative interpretation of a statutory

term will ordinarily be given significant value when the meaning of the term is disputed. *See* SEC v. Tally Industries, Inc., 399 F.2d 396 (2d Cir. 1968), cert. denied, 393 U.S. 1015, 89 S.Ct. 615, 21 L. Ed.2d 560 (1969); Bamberger v. Clark, 129 U.S.App.D.C. 70, 390 F.2d 485 (1968).

enacted to prevent." Plaintiff's Brief In Support of His Answer To Defendant Mercantile's Motion To Dismiss And In Opposition To The Said Motion, p. 5.

The court opines that the Act was not enacted to protect consumers in the procuring of *business* (i. e. commercial) credit but was expressly put into law to assist the consumer in his individual and personal capacity. This is clear from a reading of the legislative historical reference cited hereinabove. Moreover, the court deems unwarranted plaintiff's conclusion that because Mercantile consulted a credit reporting agency handling only personal credit reports it viewed the application for credit as necessarily being non-business. The undisputed fact in the instant case is that the application was for commercial, as opposed to personal, credit. Based upon that fact and the language of the statute, the court deems the Act inapplicable. Therefore, the complaint fails to state a claim upon which the court can grant relief.

Accordingly, for the reasons stated above, plaintiff's action is dismissed as to all parties for failure to state a claim.

It is so ordered.