**Norman J. WRIGLEY, Jr., Plaintiff,**

v.

**DUN & BRADSTREET, INC., a Delaware corporation.**

Civ. A. No. 19348.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 15, 1974.

Charles O. Baird, Jr., Hugh G. Head, Jr. and Kathleen Kessler, Atlanta, Ga., for plaintiff.

Hugh M. Dorsey, Jr. and W. Rhett Tanner (Hansell, Post, Brandon & Dorsey), Atlanta, Ga., for defendant.

MOYE, District Judge.

This is an action brought by Mr. Wrigley against Dun & Bradstreet pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., for damages he allegedly incurred as a result of Dun & Bradstreet's issuance of a credit report which contained information on Mr. Wrigley's criminal convictions and the adjudication of bankruptcy of Wrigley Sales, Inc. The action is presently before the Court on Dun & Bradstreet's motion for summary judgment and Mr. Wrigley's motion to strike Dun & Bradstreet's first defense.

Dun & Bradstreet's motion for summary judgment is predicated on the proposition that the Fair Credit Reporting Act, which applies only to *"consumer* reporting," is not applicable to the facts of this case. Dun & Bradstreet points out that the credit report which forms the factual foundation for this action was issued by Dun & Bradstreet on Wrigley Construction Co. to enable Dun & Bradstreet subscribers to evaluate the risk in extending *commercial* credit to the Wrigley Construction Co. Dun & Bradstreet concludes that this credit report was not a "consumer" report and that the Fair Credit Reporting Act, therefore, does not apply. Furthermore, Dun & Bradstreet notes that Mr. Wrigley does not complain of a loss of *personal* (consumer) credit. Wrigley instead seeks damages for the loss of credit to his construction business, Wrigley Construction Co.

The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" and "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for . . . information in a manner which is fair and equitable to the consumer . . . ." 15 U.S.C. § 1681. As can be easily seen from the preceding

quote, the Act applies only to "consumer reports." The Act defines "consumer reports" as:

"... any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title. The term does not include (A) any report containing information solely as to transactions or experiences between the consumer and the person making the report; (B) any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device; or (C) any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys this decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the request was made and such person makes the disclosures to the consumer required under section 1681m of this title."

The Court finds that the undisputed facts of the instant action are that Dun & Bradstreet issued its credit report on Wrigley Construction Co. for Dun & Bradstreet subscribers to use in deciding whether to extend commercial credit to Wrigley Construction Co.[1] It is therefore clear that the Fair Credit Reporting Act would not ordinarily apply to the credit report issues on Wrigley Construction Co.

Under the facts of the instant case the only issue which remains is whether the Act should apply to a *commercial* credit report which contains *consumer* credit information on a principal of the business organization being reported. That is, can a consumer recover for credit information issued on him in connection with a *commercial* credit report on a company which he owns.

The Court's task in this regard is lightened by Judge Smith's recent opinion in Sizemore v. Bambi Leasing Corp., 360 F.Supp. 252 (N.D.Ga.1973). In *Sizemore*, the plaintiff, Sizemore Company, applied to Bambi Leasing Corporation to lease a truck for use in its business. In the regular course of its operations, Bambi Leasing called the Mercantile National Bank to induce the bank to finance the lease for Bambi. Mercantile considered the proposed transaction as one involving the extension of commercial credit since it was dealing with corporations and the truck was to be used in connection with Sizemore's business. Although a representative of the Mercantile National Bank initially called Dun & Bradstreet for a credit report on Sizemore Company, the report was inconclusive and so he contacted the Atlanta Credit Bureau. The Atlanta Credit Bureau conducted a personal credit check on Gary Sizemore of G. Sizemore Company, and rendered an unfavorable report on him. Based on this personal report, Mercantile declined to extend the commercial credit through Bambi Leasing to G. Sizemore Company. The Court granted summary judgment for the defendants (Bambi Leasing, Mercantile Nat'l Bank, and Credit Bureau, Inc., of Georgia) stating that "The court is constrained to the view that both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a

---

[1]. The Court also notes that Dun & Bradstreet subscribers are contractually bound by their subscriptions to use credit information only for the purpose of evaluating the risk in extending *commercial* credit.

consumer's business transactions." [360 F.Supp. at 254]

Likewise in the instant action, Dun & Bradstreet issued a credit report on Wrigley Construction Co. which contained information on the personal financial situation of Mr. Wrigley. The credit report issued was for the extension of commercial credit and the Fair Credit Reporting Act therefore does not apply. Accordingly, the Court grants Dun & Bradstreet's motion for summary judgment.

In view of the above disposition of Dun & Bradstreet's motion for summary judgment, the Court need not consider plaintiff's motion to strike Dun & Bradstreet's first defense.