**Garth YEAGER, Plaintiff,**

v.

**TRW, INC., Defendant.**

**No. 36:95cv49.**

United States District Court, E.D. Texas, Paris Division.

Jan. 9, 1997.

James Ray Rodgers, Moore Payne Clem Rodgers & Hodgkiss, Paris, for Plaintiff.

Bart Allan McKay, Jones Day Reavis & Pogue, Dallas, for Defendant.

### *ORDER*

JUSTICE, District Judge.

TRW, Inc., defendant in the above-numbered and entitled civil action, has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has alleged that defendant included inaccurate information in a credit report about him, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681t. Defendant main-

tains that summary judgment is appropriate because the report on which plaintiff bases his claim falls outside of the protections of FCRA. Defendant's motion will be granted.

### 1. *Standard for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file. together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law underlying the claims in issue identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If any such facts are genuinely in dispute, summary judgment is inappropriate. *Lindsey v. Prive Corp.*, 987 F.2d 324, 327, n. 14 (5th Cir.1993). A factual dispute is "genuine," if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir.1991). The judge is not to weigh the evidence nor engage in credibility determinations. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

### II. *Analysis*

Congress enacted FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To guard against the use of inaccurate or arbitrary information in evaluating an individual for credit, insurance, or employment, Congress required that consumer reporting agencies "follow reasonable procedures to assure maximum .possible accuracy of the information concerning the individual about whom" a credit report relates. 15 U.S.C. § 1681e(b). A consumer reporting agency that negligently fails to comply with FCRA's requirements is liable for actual damages, costs. and reasonable attorney's fees. 15 U.S.C. § 1681o. Willful noncompliance renders a consumer reporting agency additionally liable for punitive damages. 15 U.S.C. § 1681n.

▬ FCRA applies only to reports made for consumer purposes. The statute defines 'consumer reports' as follows.

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title.

15 U.S.C. § 1681a(d) (1970). FCRA does not apply to business transactions, even those involving consumers and their consumer credit information. "The court is constrained to the view that both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a consumer's business transactions." *Wrigley v. Dun & Bradstreet, Inc.*, 375 F.Supp. 969, 970–971 (N.D.Ga.1974) (citing *Sizemore v. Bambi Leasing Corp.*, 360 F.Supp. 252, 254 (N.D.Ga. 1973)), *aff'd by* 500 F.2d 1183 (5th Cir.1974), *Fernandez v. Retail Credit Co.*, 349 F.Supp. 652 (E.D.La.1972). "A report on a consumer for credit or insurance in connection with a business operated by the consumer is not a consumer report and the Act does not apply to it." FTC Interpretation under the Fair

Credit Reporting Act 16 C.F.R. Pt. 600, App. § 603 cmt. (6)(B). *See also Estiverne v. Sak's Fifth Avenue,* 9 F.3d 1171, 1173 (5th Cir.1993) (giving significant weight to FTC's interpretation of FCRA), *Sizemore,* 360 F.Supp. at 254 n. 4, *Fernandez,* 349 F.Supp. at 655.

 Defendant has submitted evidence sufficient to make a prima facie showing that the report was issued in response to an application for commercial credit. *Motion for Summary Judgment of Defendant TRW, Inc.,* Exhibit A (Application for credit) (listing use of financed equipment to be 60% farm, 40% custom work and 0% family/personal/home), Exhibit B (Deposition of Garth Yeager) (stating that the items for which he was denied credit were not going to be used in his household). Plaintiff has not submitted affidavits or other evidence sufficient to show that a genuine dispute remains on this material fact. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (describing rebuttal burden on non-moving party). Summary judgment on plaintiff's FCRA claims are appropriate as a matter of law.

Plaintiff cites to *St. Paul Guardian Ins. Co. v. Johnson,* 884 F.2d 881 (5th Cir.1989), as support for the proposition that a claim based on a non-consumer transaction could fall within FCRA's protection. The plaintiff in *St. Paul Guardian* alleged that his insurance company obtained a consumer report on him and then used it to investigate him for insurance fraud, a use which violated FCRA. The court in *St. Paul Guardian* found that the claim fell within the protection of FCRA because the credit reporting agency had prepared the report within the scope of FCRA, even though the insurance company had misused it. *Id.* at 884. In the instant action, plaintiff is not contesting the way that the recipient used the credit report, but, rather, he is complaining that the credit reporting agency included erroneous information. The holding of *St. Paul Guardian* is not relevant to plaintiff's claims.

Plaintiff argues that even if the credit reports about which he complains are not actionable under FCRA, he could assert vari-ous common law actions pertaining to these reports. Plaintiff's First Amended Complaint, for which plaintiff now seeks leave to file, fails to state how this court has jurisdiction over such claims [1]. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Since plaintiff may have actionable non-FCRA claims, he will be given leave to file a Second Amended Complaint asserting them. Accordingly, it is

**ORDERED** that defendant's Motion for Summary Judgment shall be, and is hereby, **GRANTED** with respect to plaintiff's claims under the Fair Credit Reporting Act. It is further

**ORDERED** that plaintiff shall be given leave to file a Second Amended Complaint which sets forth this court's jurisdiction to hear plaintiff's non-FCRA claims.

1. In his jurisdictional statement, plaintiff cites only to FCRA, 15 U.S.C. § 1681p.