[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 01-14786

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2003
THOMAS K. KAHN
CLERK**

D. C. Docket No. 90-00228 CV-AAA-5

BENJAMIN D. JONES,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION,

Defendant-Appellee.

No. 01-14787

D. C. Docket No. 91-00226 CV-AAA-5

JAMES EMERY O'STEEN,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION,

Defendant-Appellee.

Appeals from the United States District Court
for the Southern District of Georgia

(July 18, 2003)

**ON PETITION FOR REHEARING**

Before TJOFLAT and COX, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

James Emory O'Steen and Benjamin D. Jones petition this court for rehearing following our opinion in *Jones v. CSX Transportation*, 287 F.3d 1341 (11th Cir. 2002). We grant the petition for rehearing in part; we adopt and reinstate Part IIIA of our prior opinion, reported at 287 F.3d 1341 (11th Cir. 2002); the balance of the opinion is vacated, and we substitute the following opinion in its stead:

Previously, we had determined that the district court properly awarded partial summary judgment in CSX's favor on the issue of whether O'Steen and Jones could recover emotional distress damages stemming from their asbestosis based on their fear of contracting cancer. The sole ground advanced by CSX in its motion for partial summary judgment was that the plaintiffs' failure to show an objective manifestation

---

[*]Honorable James H. Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

of their emotional distress warranted judgment in CSX's favor. We agreed with CSX and the district court and therefore affirmed the district court's ruling.

The Supreme Court granted certiorari in *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. ___, 123 S. Ct. 1210 (2003), subsequent to the proceedings in the district court and our ruling. Based on the factual similarity between their cases and *Ayers*, O'Steen and Jones sought a stay of our mandate pending the outcome of *Ayers* and we stayed the mandate. The Supreme Court has now decided *Ayers*. In *Ayers*, the Supreme Court held that a plaintiff who has asbestosis can recover damages for fear of cancer if the alleged fear is "genuine and serious." 538 U.S. at ___, 123 S. Ct. at 1223. Our prior conclusion that a plaintiff must produce evidence of objective manifestations of purported emotional distress is, we conclude, inconsistent with the holding in *Ayers*. We therefore reverse the district court's grant of partial summary judgment and remand for further proceedings consistent with this opinion.[1]

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

[1] We should not be understood to say that partial summary judgment could not be granted on some ground other than that previously asserted by CSX.