**Terry MOORE, Sr., Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES LLC, et al., Defendants.**

**Civ.A. No. 1:03–CV–2378–MHS.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 23, 2004.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

John J. Friedline, Kilpatrick Stockton, Albert J. Decusati, McLain & Merritt, Chad D. Graddy, Karen Smiley Focia, Finley & Buckley, Atlanta, GA, for Defendants.

## ORDER

SHOOB, Senior District Judge.

This action under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act is before the Court on cross-motions for summary judgment. For the following reasons, the Court denies plaintiff's motion and grants in part and denies in part defendants' motions.

### Background

Defendant Equifax Information Services, LLC (Equifax), is a consumer reporting agency that assembles and produces credit reports for use by its clients in evaluating the potential credit risk of consumers. Defendant Marlin Integrated Capital, LLC (Marlin), is an accounts management firm that purchases and attempts to collect debts for businesses. In this action, plaintiff Terry Moore, Sr., seeks to recover from defendants for damages he allegedly suffered as the result of their reporting and including in his credit file a debt that actually belongs to his son, Terry Moore, Jr.

In 1994, Terry Moore, Jr., wrote a check to Jarman Shoes for $64.19 on a closed checking account. Some time later, a report of the bad check appeared in plaintiff's credit file at Equifax. When plaintiff disputed the report, Equifax sought to verify the debt with Marlin, the source of the information. According to Equifax, Marlin responded by verifying the report as accurate.

According to Marlin, it has no account for plaintiff, and it never provided any information to Equifax regarding plaintiff. Instead, Marlin claims that the information it provided to Equifax related to plaintiff's son, Terry Moore, Jr., and that Equifax placed the information in plaintiff's credit file by mistake.

When Equifax sought verification of Marlin's report following plaintiff's complaint, it used a form that identified the debtor simply as "Terry Moore." The other information on the form, including the debtor's address, Social Security number, and date of birth, were those of plaintiff. Marlin responded to the verification request by adding "Junior" to the name on

the form and checking boxes indicating that the "Address" and "Prev Name/Prev Gen Code" listed were the same as its records.[1] Marlin also checked a box indicating that the information it had previously provided had been "Verified as Reported." Marlin did not check the boxes next to the debtor's previous address, Social Security number/date of birth, or telephone number, indicating that it had not verified these items of information.

After receiving the completed verification form, Equifax notified plaintiff that it had investigated his complaint and that Marlin had verified the accuracy of the report. Consequently, Equifax declined to remove the bad check report from plaintiff's credit file.

Plaintiff then filed this lawsuit against Equifax and Marlin alleging violations of the federal Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Plaintiff also asserted a state law claim against Marlin for defamation.

Shortly after the lawsuit was filed, Equifax sent another verification request to Marlin containing the same information as before. This time Marlin responded by checking the box labeled "Delete Account." Equifax then deleted the bad check report from plaintiff's credit file.

Now before the Court are plaintiff's motion for summary judgment on his claims against Equifax, and Equifax's and Marlin's motions for summary judgment on plaintiff's claims against them.

### Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is "no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. *Id.* at 324, 106 S.Ct. 2548.

The Court, however, must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988). Moreover, because the summary judgment standard mirrors that required for a judgment as a matter of law, summary judgment is not appropriate unless "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted).

The Rule 56 standard is not affected by the filing of cross motions for summary judgment: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 at 335–36 (3d ed.1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *See United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984).

### Discussion

#### I. Plaintiff's Claims Against Equifax

Plaintiff asserts two claims against Equifax under the Fair Credit Reporting

---

1. The "Prev Name/Prev Gen Code" on the form was blank.

Act (FCRA). First, plaintiff seeks recovery under 15 U.S.C. § 1681e(b), which requires consumer reporting agencies like Equifax to use "reasonable procedures to assure maximum possible accuracy of the information" in their consumer reports. Second, plaintiff seeks recovery under 15 U.S.C. § 1681i(a), which requires consumer reporting agencies to reinvestigate disputed information and to delete such information if it is inaccurate or cannot be verified.

Plaintiff contends he is entitled to summary judgment as to Equifax's liability on both claims because the evidence establishes that Equifax (1) failed to follow reasonable procedures to assure the accuracy of plaintiff's credit file and (2) failed to fully and adequately investigate the disputed bad check report. Plaintiff contends that, as a result, he had an application for a checking account denied, he was required to pay a higher interest rate for a mortgage loan, he suffered embarrassment and frustration, and he lost time from work. Finally, plaintiff contends that he is entitled to recover punitive damages from Equifax because its conduct was willful.

Equifax contends that it is entitled to summary judgment on plaintiff's claims because there is no evidence that Equifax ever published inaccurate information about plaintiff to a third party, and thus plaintiff cannot establish any damages. Specifically, Equifax argues that (1) the denial of plaintiff's application for a checking account was not based on information supplied by Equifax and, in any event, occurred outside the applicable two-year limitations period and concerned a commercial account to which the FCRA does not apply; (2) there is no evidence that Equifax information was used to increase

plaintiff's mortgage interest rate; and (3) plaintiff's claim of emotional distress is not supported by any evidence of an objective manifestation of such distress. Equifax argues that plaintiff's claim under 15 U.S.C. § 1681i(a) must also fail because Equifax fulfilled its duty to reinvestigate the disputed bad check report, and the accuracy of the report was verified by Marlin. Finally, Equifax contends that there is no evidence to support plaintiff's claim that Equifax willfully violated the FCRA.

The Court concludes that there are genuine factual issues which preclude summary judgment in favor of either party as to Equifax's liability and as to plaintiff's claims for damages arising from emotional distress and an increased mortgage interest rate. However, the Court further concludes that Equifax is entitled to summary judgment on plaintiff's claims for punitive damages and for damages arising from denial of his application for a checking account.

■ First, there is a genuine issue as to whether Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of the information in its credit files and whether any such failure was the cause of the inaccurate report in plaintiff's credit file. Although there is no evidence explaining how the bad check report relating to Terry Moore, Jr., became associated with plaintiff's credit file, there is evidence that Equifax did not have reasonable procedures in place to prevent the erroneous assignment of a report to the wrong individual's credit file.[2] Thus, a factual question remains as to whether it was Equifax's negligence that caused the

---

2. An Equifax representative testified that if Equifax received a report on an individual from a subscriber without a Social Security number or an identifying suffix such as "Sr." or "Jr.," then the report might be matched to the credit file of either the "Sr." or the "Jr.," or both. (Fluellen Dep. at 39.)

bad check report to be improperly placed in plaintiff's credit file.

■ Second, there is a genuine issue as to whether Equifax fully and adequately investigated the disputed bad check report. Equifax did seek verification of the report from Marlin, and Marlin did indicate that the information had been "verified as reported." However, the evidence shows that under Equifax's procedures, if the furnisher of the information verified any two of the items of information listed on the verification form—"Name/Gen Code," "Address," "Prev Name/Prev Gen Code," "Prev Address," "SSN/DOB," and "Telephone Number"—then Equifax would accept the verification as a "complete ID" and would retain the report in the individual's credit file. (Fluellen Dep. at 29–30.) Following this established procedure, Equifax apparently retained the bad check report in plaintiff's credit file because Marlin verified two of the listed items of information—"Address" and "Previous Name/Prev Gen Code"—even though Marlin's response also indicated that "Junior" should be added to the name, and that none of the other listed information, including Social Security number and date of birth, matched its records. This evidence creates a genuine issue for trial as to whether Equifax fulfilled its duty to reinvestigate disputed information and delete such information if it was inaccurate or could not be verified.

■ Third, there is a genuine issue as to plaintiff's claims for damages for emotional distress and for damages arising from a mortgage lender's imposing a higher mortgage interest rate. Plaintiff testified that he suffered humiliation and embarrassment as a result of Equifax's inaccurate credit report. Such damages for mental distress are recoverable under the FCRA even if the consumer has suffered no out-of-pocket losses.[3] *Thompson v. San Antonio Retail Merch. Ass'n,* 682 F.2d 509, 513 (5th Cir.1982). There is also evidence that, as a result of Equifax's publication of the inaccurate bad check report in plaintiff's credit file, a lender required plaintiff to pay a higher interest rate on his mortgage loan than he would have otherwise.

■ Finally, the evidence does not support plaintiff's claims for punitive damages or for damages arising from the denial of his application for a checking account. Punitive damages are recoverable only for "willful" noncompliance with the FCRA. 15 U.S.C. § 1681n(a). "To be found in willful noncompliance, a defendant must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Stevenson v. TRW, Inc.,* 987 F.2d 288, 293 (5th Cir.1993)(quoting *Pinner v. Schmidt,* 805 F.2d 1258, 1263 (5th Cir.1986)). In this case, as in *Stevenson,* "[t]he record does not reveal ... any intention to thwart consciously [plaintiff's] right to have inaccurate information removed promptly from his report." *Id.* at 294. At most, the evidence supports a finding of negligence. Accordingly, Equifax is entitled to summary judgment on plaintiff's claim for punitive damages.

The evidence also does not support plaintiff's claim for damages arising from denial of his application for a checking account. There is no evidence that the denial was based on information supplied

---

3. Equifax's contention that the Eleventh Circuit requires evidence of an objective manifestation of emotional distress is without merit. The Eleventh Circuit vacated the only authority cited by Equifax for this proposition. *See Jones v. CSX Transp.,* 337 F.3d 1316 (11th Cir.2003), *vacating in relevant part Jones v. CSX Transp.,* 287 F.3d 1341 (11th Cir.2002). Other courts have not applied this tort rule to FCRA cases. *See Johnson v. Dep't of Treasury,* 700 F.2d 971, 984–85 (5th Cir.1983).

by Equifax. Furthermore, the denial admittedly occurred outside the applicable two-year limitations period and involved a commercial transaction that is not covered by the FCRA. *See* 15 U.S.C. § 1681p (two-year statute of limitations under FCRA); *Yeager v. TRW, Inc.*, 961 F.Supp. 161, 162 (E.D.Tex.1997)("FCRA does not apply to business transactions, even those involving consumers and their consumer credit information"). Accordingly, Equifax is entitled to summary judgment as to this claim for damages.

## II. *Plaintiff's Claims Against Marlin*

Plaintiff asserts three claims against Marlin. First, plaintiff seeks recovery under 15 U.S.C. § 1681s–2(b) of the FCRA, which requires furnishers of information to consumer reporting agencies, upon notice of a dispute as to the accuracy of the information, to conduct an investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency. Second, plaintiff seeks recovery under 15 U.S.C. § 1692e(2)(A) of the FDCPA, which prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt. Finally, plaintiff seeks recovery under state law for defamation based on Marlin's alleged publication to third parties of misleading and/or inaccurate information regarding his creditworthiness.

Marlin contends that it is entitled to summary judgment on the FCRA claim because the evidence shows that it properly investigated the disputed bad check report and reported accurate information to Equifax. As for the FDCPA claim, Marlin contends that the evidence establishes that it never attempted to collect the Terry Moore, Jr., debt from plaintiff, and that, in any event, the claim is barred by the applicable statute of limitations. Finally, Marlin contends that plaintiff's state law defamation claim is preempted by the express terms of the FCRA.

In response, plaintiff argues that the evidence supports a finding that Marlin failed to conduct an adequate investigation of the disputed bad check report and that its response to Equifax's verification request was inaccurate and incomplete. Plaintiff also argues that the evidence shows Marlin engaged in collection efforts against plaintiff by making several telephone calls to his home in April 2001. Finally, plaintiff argues that his defamation claim should survive summary judgment because the FCRA does not preempt a defamation claim if the defendant acted willfully or with legal malice, and in this case there is sufficient evidence to support a finding that Marlin acted with reckless disregard of the truth and thus with legal malice.

The Court concludes that there are genuine issues for trial on plaintiff's FCRA claim, but that Marlin is entitled to summary judgment on plaintiff's FDCPA and defamation claims.

■ With regard to the FCRA claim, there is sufficient evidence to create a factual issue as to whether, in response to Equifax's verification request, Marlin failed to conduct an adequate investigation and supplied Equifax with incomplete and inaccurate information. First, in response to the request, Marlin verified the address listed by Equifax as that of Terry Moore, Jr., when in fact it was plaintiff's address. Second, even though Marlin had a copy of the returned check, which showed Terry Moore, Jr.'s, date of birth as December 9, 1976, it did not correct the date of birth listed by Equifax—July 14, 1959—which was actually plaintiff's date of birth.

As for the FDCPA claim, even assuming that the telephone calls made in April 2001 constituted improper collection efforts,

plaintiff's suit was not filed until August 7, 2003, well outside the one-year FDCPA statute of limitations period. *See* 15 U.S.C. § 1692k(d). There is no other evidence to support this claim. Therefore, Marlin is entitled to summary judgment on this claim.

█ Finally, plaintiff's defamation claim must fail because it is preempted by the FCRA. Under the FCRA, anyone who furnishes information to a consumer reporting agency is immune from state law defamation actions "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Here, plaintiff has failed to point to any evidence that Marlin reported information to Equifax with malice or willful intent to injure plaintiff. There is no evidence, as plaintiff contends, that Marlin acted with reckless disregard of the truth. Reckless disregard "requires evidence that the speaker entertained actual doubt about the truth of the statement." *Corbin v. Regions Bank,* 258 Ga. App. 490, 497, 574 S.E.2d 616 (2002)(quoting *Wiggins v. Equifax Svcs. Inc.,* 848 F.Supp. 213, 223 (D.D.C.1993)). Here, there is no evidence that Marlin doubted the accuracy of the information it reported to Equifax.

*Summary*

For the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment [# 24–1]; GRANTS IN PART AND DENIES IN PART defendant Equifax's motion for summary judgment [# 27–1]; and GRANTS IN PART AND DENIES IN PART defendant Marlin's motion for summary judgment [# 28–1].