[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16428

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 27, 2006**
**THOMAS  K. KAHN**
**CLERK**

D. C. Docket No. 04-01283-CV-BBM-1

STEPHEN G. LEVINE,

Plaintiff-Appellant,

versus

WORLD FINANCIAL NETWORK NATIONAL BANK,
STRUCTURE, INC.,

Defendants,

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 27, 2006)**

Before BIRCH and WILSON, Circuit Judges, and ROYAL*, District Judge.

_____

*Honorable C. Ashley Royal, United States District Judge for the Middle District of
Georgia, sitting by designation.

BIRCH, Circuit Judge:

In this case, we must decide whether Steven Levine is entitled to offer evidence in support of his claim that Experian Information Solutions, Inc., ("Experian"), a consumer reporting agency, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. On appeal, Levine challenges the district court's order, which granted Experian's motion to dismiss his complaint for failure to state a claim. Levine's complaint alleged that Experian violated FCRA when it provided his credit report to a former creditor with whom Levine no longer had an open or active account. Levine claims that Experian did not make a reasonable effort to safeguard his confidential information and that it had reasonable grounds to believe that the request was for an impermissible purpose under the FCRA, notwithstanding the fact that the former creditor stated the report was for "account review." Concluding that Levine has made out a prima facie claim under 15 U.S.C. § 1681n, we REVERSE the district court's order and REMAND for proceedings consistent with this opinion.

## I. BACKGROUND

The rather brief factual background to this action is as follows: Structure, Inc., ("Structure") is a clothing retailer that issued a store credit card account to

Levine. This account was operated through a financial affiliate of Structure, World Financial National Network Bank ("WFNNB"). Levine paid the account in full and closed it sometime in 1998. The fact that the account was paid in full and voluntarily closed by Levine was shown on his Experian credit report.

In May 2002 and again in August 2002, despite the fact that the Structure account had been closed for several years, Experian sold Levine's credit report to Structure. Structure had informed Experian that it wanted the report for "account review" purposes. Structure reported no changes in Levine's account to Experian, and Levine made no communications to Experian or Structure regarding the closed account.

On 10 May 2004, Levine filed a complaint in the United States District Court for the Northern District of Georgia against Experian, Structure, and WFNNB. On 8 November 2004, the district court granted Experian's motion to dismiss and Structure and WFNNB's motion to dismiss. In granting Experian's motion, the district court stated that "FCRA does not suggest that a credit report may only be permissibly obtained for account review during particular points in the parties' relationship" and further commented that Experian had no duty to investigate a facially valid request for a consumer report. R2-26 at 10. The court ultimately held that Levine's "stand alone claim of emotional distress" was too

"amorphous to support his demand for damages" and that he had not alleged "any objectively verifiable harm." Id. at 15. The court also concluded that Levine had not sought statutory damages. On 8 December 2004, Levine filed a notice of appeal seeking a reversal of the district court's order granting the motions to dismiss. While Levine later settled his claims against Structure and WFNNB, the appeal continued for his claim against Experian.

## II. DISCUSSION

After identifying the appropriate standard of review, we address whether Levine has stated a claim under FCRA in two parts. First, we consider if the pleadings resolve the question of whether Experian violated its responsibilities under FCRA. Second, we consider whether Levine has made out a prima facie claim under the provisions of FCRA that allow for recovery, including the extent to which he is required to specify his damages.

A. Standard of Review

"We review de novo a dismissal for failure to state a claim." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and

4

plain statement of the claim showing that the pleader is entitled to relief."  When considering a motion to dismiss, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in the light most favorable to the plaintiff.   Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 999 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").  Additionally, "[a] motion to dismiss is only granted when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Harper, 139 F.3d at 1387 (internal quotations omitted).

B.  Experian's Responsibilities Under FCRA

According to Levine's complaint, at the time Experian sold his credit report to Structure, Experian knew that: (1) Levine's account with Structure had been voluntarily closed and paid in full for years; (2) Levine could no longer use the account; (3) Levine had not disputed any information on the account; (4) Structure did not ask solely for information regarding its own trade line but instead requested the entire credit report; and (5) Structure twice requested his credit report from

5

Experian within the span of about three months.

In addition, Levine contends that at no time before or after the purchases did Structure provide any corrections or otherwise indicate in any way that there was a problem with the account. According to Levine, different procedures and codes are used when creditors request credit report information in order to make corrections to the account. He argues that discovery likely will show that the code used by Structure was inconsistent with any permissible purpose and that there are obvious and insidious reasons for a former creditor to secure a full credit report, rather than a beneficent request to recheck the accuracy of a long-dormant account. Levine contends that former creditors, by obtaining credit reports under the pretense of "account review," can avoid making offers of credit to consumers whose credit reports are weak and can avoid the promotional blocks that limit access to some consumers' credit reports. See 15 U.S.C. § 1681m(d) (requiring creditors who use credit reports to make a firm offer of credit to each of the targeted consumers); id. § 1681b(e)(1) (providing consumers the right to block the sale of their credit reports for promotional purposes).[1] In his complaint, Levine variously alleges that Experian, which receives a fee for each requested credit

---

[1] In his complaint, Levine states that he placed a promotional block on his credit report prior to 10 May 2002, which prohibited Experian from selling his consumer report to Structure for promotional purposes.

6

report, was either negligent or willfully complicit in this attempt to circumvent the requirements of FCRA.[2]

In determining the scope of Experian's responsibilities, we are mindful of the legislative findings stated in FCRA. Specifically, in 15 U.S.C. §1681(a)(4), Congress made the following finding on the accuracy and fairness of credit reporting: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Section 1681(b) goes on to state that "consumer reporting agencies [are required to] adopt reasonable procedures for meeting the needs for consumer credit . . . information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

With these statements in mind, we turn to the specific dictates of FCRA. In the exercise of their "grave responsibilities," consumer reporting agencies are prohibited under FCRA from furnishing the confidential information in "a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title."

---

[2]FCRA provides for civil liability both for willful and negligent noncompliance. See 15 U.S.C. § 1681n & 1681o. We address the specific prima facie requirements for these provisions in Part II.C.

Id. § 1681e(a).  Moreover, "every [agency] shall make a reasonable effort to verify . . . the uses certified . . . prior to furnishing such user a consumer report."  Id.  Experian would have us accept that, as a matter of law, its grave responsibility for safeguarding Levine's confidential information extends only so far as a former creditor's facially valid request for a credit report, notwithstanding any reasonable grounds to believe that the request is instead made for an impermissible purpose.  We reject this conclusion.

When Structure requested Levine's credit report, it informed Experian that the request was for "account review" purposes.   While FCRA permits creditors to acquire a customer's credit report for "account review" purposes, the statute does not explicitly state whether this includes the review of accounts that have been paid in full and closed.  See id. § 1681b.  The statute contains overlapping language in two provisions:  Section 1681b(a)(3)(A) permits the sale of a credit report to a creditor who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  Section 1681b(a)(3)(F)(ii) permits the sale of a credit report to a creditor in order to "review an account to determine whether the consumer continues to meet the terms of the account."

There is a difference in opinion on whether the ambiguous language in FCRA contains an absolute prohibition against the sale of credit reports to former creditors whose accounts are closed and paid in full. Compare Wilting v. Progressive County Mut. Ins. Co., 227 F.3d 474, 476 (5th Cir. 2000) (per curiam) ("[N]either [FCRA] nor the FTC's commentary on [FCRA] suggests that a report may only be permissibly obtained during particular points in the parties' relationship."), with Letter from Clarke W. Brinckerhoff , Federal Trade Commission, to Kenneth J. Benner, American Council on Consumer Awareness (Aug. 30, 1999) ("Once an account is closed because the consumer has paid the debt in full . . . it is our view that no permissible purpose exists for a [consumer reporting agency] to provide file information . . . to the creditor. Because there no longer exists any account to 'review' and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from [the agency]."). Citing 15 U.S.C. § 1681s-2(a)(2), Experian argues that a former creditor has a duty under FCRA to provide accurate information to the consumer reporting agency and that a request for a credit report is a permissible way to comply with this duty. See also Zeller v. Samia, 758 F. Supp. 775, 781 (D. Mass. 1991) (creditor permissibly obtained plaintiff's consumer credit report as part of effort to verify that information had been correctly recorded). On the other

9

hand, Levine argues that the duty to report accurate information is not coextensive with the creditor's right to purchase a credit report and that there are lawful and less invasive methods to confirm that proper credit information has been reported to the agency. He contends that § 1681b(a)(3)(A) should apply either when an account is being created or has gone into collection and that § 1681b(a)(3)(F)(ii) should apply when the account is open and active. Otherwise, Levine argues, § 1681b(a)(3)(F)(ii) becomes superfluous.

In the absence of discovery and a more fully developed record, we reserve judgment on whether there is an absolute prohibition against such requests by former creditors for accounts that are closed and paid in full. However, such a decision is not necessary to determine whether Levine presents a colorable claim against Experian. Levine alleges that his report was twice requested within the span of a few months despite his account being closed for years with an undisputed zero balance. A simple recitation of "account review" by a former creditor does not automatically absolve Experian of its duty to protect confidential information when there are reasonable indications that the request was for other purposes. In light of the legislative findings in FCRA and considering the standard of review, we conclude that the question of whether Experian had "reasonable grounds" to believe that Structure intended to use Levine's consumer report for an

10

impermissible purpose, or whether Experian made "reasonable efforts" to verify the validity of Structure's request, is a fact intensive one that is not resolved by the pleadings. The question of whether this noncompliance, if it exists at all, results from willful defiance or negligence is also not resolved by the pleadings.

C. Levine's Prima Facie Claim Under FCRA

The district court ultimately dismissed Levin's complaint because it concluded that Levine had failed to specify his damages under FCRA. In so doing, the court concluded that Levine's prima facie claim was infirm because he did not allege "physical injury outside of his rather amorphous claim for emotional distress" nor had he alleged any other "objectively verifiable harm" such as an injury to his credit rating. R2-26 at 14-15. The court also concluded that Levine had failed to seek statutory damages under FCRA. We disagree.

As stated previously, FCRA provides for civil liability both for willful and negligent noncompliance. With regard to willful noncompliance, 15 U.S.C. § 1681n(a) provides, in relevant part, that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . (1)(A) any actual damages sustained by the consumer as a result of the failure or damages

11

of not less than $100 and not more than $1,000."  Section 1681n(a)(2) also provides for "such amount of punitive damages as the court may allow."  In contrast, §1681o(a), which governs negligent noncompliance, allows for actual damages but not statutory damages or punitive damages.  Both provisions provide for attorney's fees.

In the first paragraph of his complaint, Levine generally invokes both 15 U.S.C. § 1681n and 1681o.  However, Levine does not again refer to § 1681o in the complaint.  Rather, the two counts against Experian are entitled  "Wilful Distribution of Credit Report on May 10, 2002" and "Wilful Distribution of Credit Report on August 14, 2002."  R1-1 at 24, 27.  Under these counts, Levine cites § 1681n and states again that the distribution of this information was "a wilful violation."  Id. at 26, 29.  Additionally, Levine alleges that "Experian may not accept representations that a user's request for access to a consumer's credit file is for a permissible purpose when Experian is aware of or in possession of information that shows the request is not for a permissible purpose."  Id. at 28.  In his first count against Experian, Levine stated that he sought "compensatory damages, and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. § 1681n."  Id. at 26.  In his second count, Levine sought "compensatory damages, punitive damages and the costs of this action along with

12

reasonable attorney's fees as provided under 15 U.S.C. § 1681n." Id. at 29.

In his request for relief, Levine again cited § 1681n and asked the district court to award "any and all other relief that the Court deems just and appropriate in light of the evidence adduced at trial." Id. at 33.

Having previously determined that a question of fact exists as to whether Experian willfully failed to comply with the requirements in § 1681e(a), we therefore conclude, under the notice pleading standard, that Levine has stated a claim for a willful violation of FCRA under § 1681n that includes a request for all of the available damages under this provision, including statutory damages.[3] Having specifically cited § 1681n in his complaint with the request for "any and all other relief" deemed appropriate, Levine was not required to repeat all the available damages contained within § 1681n. See Swierkiewicz, 534 U.S. at 514-515, 122 S. Ct. at 999; Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (per curiam) (concluding that a "formulaic misstep by counsel is not fatal under the notice pleading standard (where fair

---

[3]When alleging willful noncompliance pursuant to § 1681n in his complaint, Levine intermixes language referring to the release of his confidential information as "negligent" and the "proximate cause" of his injuries. See, e.g., R1-1 at 26. However, the negligence standard is applicable to § 1681o and not to § 1681n, which only addresses willful violations of FCRA. While this confusion does not jeopardize his claim under § 1681n, we will not resolve whether he has also brought an action under § 1681o because Levine makes no reference to that section in his brief on appeal.

13

notice is all that is required) of Federal Rule of Civil Procedure 8(a)").

In its order, the district court characterized Levine's claim as a "stand alone claim for emotional distress" and applied the restrictive common law rules for the negligent infliction of emotional distress. The district court cited Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 146-47, 123 S. Ct. 1210, 1217 (2003), and Metro-North Commuter Railroad Co. v. Buckley, 521 U.S. 424, 430, 117 S. Ct. 2113, 2117 (1997), for the proposition that Levine was required to allege either that he suffered a "physical impact" from the defendant's negligent conduct or that he was placed in the "zone of danger of suffering an immediate risk of physical harm." R2-26 at 15 (internal quotations omitted).

However, the common law test in Buckley, which Ayers reiterated, involved a claim for the negligent infliction of emotional distress brought under the Federal Employers' Liability Act. The requirements for a prima facie claim for the negligent infliction of emotional distress are dissimilar from the requirements for a prima facie claim that a credit reporting agency provided a credit report to a third party for an impermissible purpose in willful violation of FCRA. For the latter claim, which is defined by statute, the existence of compensable emotional distress is relevant to the amount of damages a plaintiff will ultimately recover, not to whether an individual has adequately stated a prima facie claim. Cf. Guimond v.

14

<u>Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1334 (9th Cir. 1995) ("An inquiry into the reasonableness of procedures . . . belies a claim that liability under [15 U.S.C.] § 1681e(b) must be predicated on the effect of that information once disseminated . . . . The district court was required to consider whether [the defendant] was liable under § 1681e(b) before it determined that [the plaintiff] had suffered no recoverable damages."). Several courts have previously recognized the possibility that a claim for actual or compensatory damages under FCRA may include compensation for emotional distress in the absence of physical injury or out-of-pocket expenses. <u>See, e.g.</u>, <u>Bakker v. McKinnon</u>, 152 F.3d 1007, 1013 (8th Cir. 1998) (holding that, even in the absence of "out-of-pocket expenses or costs incurred," the district court did not abuse its discretion in awarding actual and punitive damages when appellees testified "about how they felt when appellant obtained their credit reports and violated their privacy, thereby causing them some emotional distress"); <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 963 n.3 (3rd Cir. 1996) ("Given the amorphous nature of the damages at issue, we do not consider it necessary that [the plaintiff] state his damages with any greater degree of particularity."); <u>Casella v. Equifax Credit Info. Servs.</u>, 56 F.3d 469, 474 (2nd Cir. 1995) ("[T]he District Court properly recognized that 'actual damages' may include humiliation and mental distress, even in the absence of out-of-pocket

15

expenses."); see also Moore v. Equifax Info. Servs. LLC, 333 F. Supp. 2d 1360, 1365 & n.3 (N.D. Ga. 2004) (noting that damages for mental distress are recoverable under FCRA even if the consumer has suffered no out-of-pocket losses).

Having concluded that Levine has stated a prima facie claim under 15 U.S.C. § 1681n, we need not decide today whether FCRA bars recovery for any particular category of compensatory damages, including emotional distress, and the extent to which the common law informs this analysis. In this case, Levine does not allege a stand-alone claim for the negligent infliction of emotional distress by Experian. Instead, Levine alleges that Experian's release of his confidential information was a willful violation of FCRA. This is an injury that FCRA clearly recognizes as compensable. See 15 U.S.C. § 1681n.

## III. CONCLUSION

The district court dismissed Levine's complaint for failure to state a claim under FCRA. We conclude that a question of fact remains as to whether Experian had reasonable grounds to know that the request for Levine's credit report was for an impermissible purpose or whether Experian made reasonable efforts to verify the request. We further conclude that Levine has made a prima facie claim for a

16

willful violation of FCRA pursuant to 15 U.S.C. § 1681n, which provides for compensatory, statutory, and punitive damages.  Levine is therefore entitled to proceed with discovery.  **REVERSED** and **REMANDED**.