[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2011
JOHN LEY
CLERK

_____

No. 11-10167
Non-Argument Calendar

_____

D. C. Docket No. 0:10-cv-60561-WPD

HILDA SULTAN,
CRAIG SULTAN,

Plaintiffs-Appellants,

versus

SAFECO SURPLUS LINES INSURANCE COMPANY,
a Washington corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2011)

Before TJOFLAT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Hilda Sultan and Craig Sultan (the Sultans) appeal the district court's order dismissing their claims against Safeco Surplus Lines Insurance (Safeco) for violations of Florida Statute § 626.9551(1), which regulates insurance field representatives and operations. The Sultans contend the district court erred by: (1) misinterpreting § 626.9551(1)(c) and concluding the Sultans failed to allege Safeco imposed a prohibited separate handling charge; and (2) concluding the Sultans failed to allege Safeco used protected insurance information to solicit the sale of insurance in violation of § 626.9551(1)(d). After review, we affirm the district court's dismissal of the Sultans' claims.

## I. BACKGROUND

The Sultans are residential homeowners, who obtained a home mortgage from an unnamed lender. Non-party EverHome Mortgage Company (EverHome) serviced the Sultans' mortgage on behalf of the lender.

In the event the Sultans failed to maintain adequate insurance coverage on their home, the mortgage permitted the lender to purchase a "force-placed" policy to protect its interest in the property, and subsequently charge the Sultans for the policy premium. On December 4, 2006, EverHome, acting as the lender's agent, purchased a force-placed insurance policy from Safeco on the Sultans' home.

Shortly thereafter, EverHome billed the Sultans $33,198.57–the purported premium for the policy.

The Sultans allege EverHome and Safeco colluded to overcharge them for the force-placed policy. According to the Sultans, EverHome purchased force-placed policies exclusively from Safeco at dramatically inflated premiums in exchange for kickbacks and other related payments. EverHome, the Sultans allege, retained the kickbacks while passing the costs associated with the inflated premiums to borrowers. The Sultans claim that in this case, Safeco paid EverHome as a kickback $7,137.57 of the $33,198.57 insurance premium.

## II. DISCUSSION

This circuit applies a de novo standard of review when considering a district court's dismissal for failure to state a claim. *Levine v. World Finan. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (citation omitted).

*A. Failure to State a Claim under Florida Statute § 626.9551(1)(c)*

The Sultans allege Safeco required them to "pay a separate charge in connection with the handling of" the force-placed policy in violation of Florida Statute § 626.9551(1)(c). The Sultans argue the district court misinterpreted § 626.9551(1)(c) by finding the provision did not restrict an insurance business

from imposing a separate charge, so long as the insurance business would have imposed that charge had the insurance business itself provided the policy.

The relevant part of § 626.9551(1)(c) states that no person may:

Require, directly or indirectly, that any borrower, mortgagor, purchaser, insurer, broker, or agent pay a separate charge in connection with the handling of any insurance policy that is required in connection with a loan or other extension of credit or the provision of another traditional banking product, or pay a separate charge to substitute the insurance policy of one insurer for that of another, unless such charge would be required if the person were providing the insurance.

Based on the arguments before us, the district court did not err by concluding the unless clause modifies the "separate charges in connection with the handling of" provision. Despite the Sultans' claims to the contrary, the 1999 amendment's legislative history supports the district court's interpretation of § 626.9551(1)(c). In a section entitled "Effect of Proposed Changes," the Florida Senate staff analysis[1] accompanying the amendment states the amendment would "prohibit[] any person from requiring a borrower, mortgagor, purchaser, insurer, broker, or agent to pay a separate charge in connection with a loan, extension of

---

[1] The Florida Senate staff analysis includes a disclaimer stating it "does not reflect the intent or official position of the bill's sponsor or the Florida Senate." Florida courts have nonetheless relied on senate staff analyses in discussing legislative intent. *See, e.g., Grosso v. State*, 2 So. 3d 362, 365 (Fla. 4th DCA 2008) ("As the Senate Staff Analysis below indicates, the legislative intent of section 943.0436 was to enforce sexual predator and offender registration requirements . . ."); *Dep't of Envtl. Reg. v. SCM Glidco Organics Corp.*, 606 So. 2d 722, 725 (Fla. 1st DCA 1992) ("Staff analyses of legislation should be accorded significant respect in determining legislative intent.").

4

credit, or another banking product, unless such charge would be required if the person were providing the insurance." The staff analysis thus indicates the legislature knowingly added the unless clause to modify § 626.9551(1)(c)'s restriction on separate charges.[2]

In light of the district court's finding that the unless clause modifies the "separate charge in connection with the handling of" provision, to state a claim under § 626.9551(1)(c), the Sultans must allege (1) Safeco required them to pay a separate charge in connection with the handling of the force-placed policy and (2) the unless clause does not exempt the separate charge from the restriction.

Section 626.9551(1)(c)'s unless clause removes from the restriction on separate charges any "charge [that] would be required if the person were providing the insurance." "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning . . . the statute must be given its plain and obvious meaning." *Miller v. Scottsdale Ins. Co.*, 932 So. 2d 1028, 1030 (Fla. 2006) (citation omitted). Courts are "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its

---

[2] This circuit has, at times, analyzed statutory language by applying "the rule of the last antecedent, an accepted canon of statutory construction which provides that . . . 'qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to and including others more remote.' " *In re Paschen*, 296 F.3d 1203, 1209 (11th Cir. 2002) (quoting *United States v. Correa*, 750 F.2d 1475, 1481 n.10 (11th Cir. 1985)). Because the Sultans do not argue the rule applies to § 626.9551(1)(c), we do not consider it here.

reasonable and obvious implications." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (citation omitted).

In this case, the Sultans concede: (1) Safeco provided the insurance; and (2) Safeco required the alleged separate charge. As a result, regardless of whether they alleged a separate charge, the Sultans' claim fails because they do not, and cannot, allege Safeco would not have imposed the separate charge had it provided the policy.[3] Safeco, as the insurance provider requiring the disputed charge, falls squarely within the unless clause's exemption. Accordingly, the district court did not err in finding that the Sultans failed to allege a claim under § 626.9551(1)(c).

B. *Failure to State a Claim under Florida Statute § 626.9551(1)(d)*

The Sultans argue the district court erred in finding they failed to allege Safeco used protected insurance information for the purpose of soliciting the sale of insurance in violation of Florida Statute § 626.9551(1)(d). Section 626.9551(1)(d) states that no person may:

> use or provide to others insurance information required to be disclosed by a customer to a financial institution, or a subsidiary or affiliate thereof, in connection with the extension of credit for the purpose of

---

[3] The unless clause makes no distinction between charges imposed in association with a direct policy issuance and those imposed in association with a non-direct policy issuance. As the district court correctly notes, the unless clause simply removes from the prohibition on separate charges those charges that would have been imposed had the insurance business provided the policy. Here, Safeco provided the policy and imposed the charge. The Sultans' allegations that Safeco would have not have imposed the charge had Safeco issued the policy directly do not address the deficiency in the § 626.9551(1)(c) claim.

6

soliciting the sale of insurance, unless the customer has given express written consent or has been given the opportunity to object to such use of the information. Insurance information means information concerning premiums, terms, and conditions of insurance coverage, insurance claims, and insurance history provided by the customer. The opportunity to object to the use of insurance information must be in writing and must be clearly and conspicuously made.

The Sultans identify only one letter as a possible solicitation. The letter–dated March 26, 2007, and addressed to Craig Sultan– provides a basic description of the insurance policy and explains, "Please be aware that you will be responsible for the insurance charges for this coverage. . . . If you provide proof of current coverage, this insurance will be cancelled . . . We encourage you to obtain acceptable replacement coverage."

The district court did not err in finding the Sultans failed to allege Safeco used protected insurance information to solicit the sale of insurance for two reasons. First, it is unclear from the Sultans' allegations how Safeco used protected insurance information in the March 26 letter. The letter itself contains no references to any protected insurance information, and the Sultans offer only broad, conclusory allegations in support of their position.

Second, the letter cannot be characterized as a solicitation. The Sultans cite Black's Law Dictionary, 1427 (8th ed. 2004), as defining a solicitation as "[a]n attempt or effort to gain business." While conceding the letter does not attempt to

persuade a potential buyer – EverHome had procured the policy nearly four months prior to the date of the letter – the Sultans claim the letter is an attempt or effort to gain business by coercion. Although it informs the Sultans that they "will be responsible for the insurance charges for this coverage," the letter does not demand immediate or future payment and encourages the Sultans to obtain replacement insurance. Nothing in the letter amounts to an attempt to coerce payment. Accordingly, the district court did not err in finding that the Sultans failed to allege Safeco used protected information to solicit the sale of insurance.[4]

**AFFIRMED.**

---

[4] In their reply brief, the Sultans argue for the first time on appeal that the district court should have adopted the Florida Department of Financial Services Office of Insurance Regulation's published interpretation of § 626.9551(1)(d). Regardless of the merits of this argument, it is well established in this circuit that "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) (quoting *Herring v. Sec'y, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005)). As a result, we need not consider this issue.