WILSON, Circuit Judge,
concurring in the result:
We are called upon to determine whether the class action complaint filed in the Galloway Action alleges only knowing violations of the Fair and Accurate Credit Transactions Act (FACTA)[1] or also alleges violations in reckless disregard of those requirements. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57, 127 S.Ct. 2201, 2208-09, 167 L.Ed.2d 1045 (2007) (holding that a “willful” violation under 15 U.S.C. § 1681n includes both knowing and reckless violations). While I concur in the Majority’s conclusion, I write separately to elucidate the finding that the Galloway complaint alleges “willfulness” in terms of both knowledge and recklessness, rather than in terms of only knowledge. This being the sole issue on appeal, I would remand on this issue alone, leaving it to the district court to consider, in the first instance, the Insurance Companies’ alternative argument that the Policies do not provide coverage for the conduct alleged in the Galloway complaint.
The Galloway complaint asserts a single cause of action under § 1681n, which imposes civil liability on “[a]ny person who willfully fails to comply with any requirement imposed under [FACTA] with respect to any consumer.” To establish a “willful” violation under § 1681n, the class action plaintiffs must show either that the Car Rental Companies knowingly violated FACTA or that they acted in reckless disregard of FACTA’s requirements. See Safeco, 551 U.S. at 57, 127 S.Ct. at 2208; see also Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1310 (11th Cir.2009).
Generally speaking, recklessness entails “an unjustifiably high risk of harm that is either known or so obvious that it should be known.” Safeco, 551 U.S. at 68-69, 127 S.Ct. at 2215 (internal quotation marks omitted) (discussing common law and Restatement definitions of “recklessness”). In the context of § 1681n, this means that,
[t]o prove a reckless violation, a consumer must establish that the action of the agency “is not only a violation under a reasonable reading of the statute’s ‘ terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.”
Levine v. World Fin. Network Nat’l Bank, 554 F.3d 1314, 1318 (11th Cir.2009) (quoting Safeco, 551 U.S. at 69, 127 S.Ct. at 2215).[2] In other words, a violation of FACTA is not reckless when the violating action is “in accord with an objectively reasonable interpretation of the Act,” Levine, 554 F.3d at 1319.
Both Safeco and Levine suggest that recklessness is something more than negligence or mere carelessness. See, e.g., Safeco, 551 U.S. at 69, 127 S.Ct. at 2215 (noting, but not pinpointing, a division between negligence and recklessness). We have previously suggested that “reckless *889 ness is closer to a lesser form of intent” as opposed to “merely a greater degree of ordinary negligence.” See McDonald v. Alan Bush Brokerage Co., 863 F.2d 809, 814 n. 10 (11th Cir.1989) (internal quotation marks omitted). This distinction is bolstered by the existence of a separate section applicable to negligent violations of FACTA. See 15 U.S.C. § 1681o. Practically, then, both knowing and reckless violations of FACTA first require some knowledge of FACTA’s requirements. Thus, the class action plaintiffs’ allegations that the Car Rental Companies had knowledge of FACTA’s requirements prior to any violation thereof can be read to allege willfulness in terms of either knowledge or recklessness and not in terms of knowledge alone.
While the exact theory of liability (i.e., knowing violation or reckless disregard) is unknown at present, the class action plaintiffs have stated a claim that “might potentially or arguably fall within the policy’s coverage,” Elan Pharm. Research Corp. v. Emp’rs Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir.1998), by alleging nothing more than the Car Rental Companies’ knowledge of FACTA’s requirements and their “willful failure” to follow and “willful disregard” of those requirements, see Levine v. World Fin. Network Nat’l Bank, 437 F.3d 1118, 1123-24 (11th Cir.2006) (reasoning allegation of “a willful violation” and claim for damages states prima facie claim under § 1681n). The nature of the Car Rental Companies’ knowledge will prove determinative, but we are not, at this stage, concerned with the certainty of their success.

. See Fair and Accurate Credit Transactions Act, Pub.L. No. 108-159, 117 Stat. 1952 (2003) (codified at 15 U.S.C. § 1681c(g)).

. To further illuminate the standard, Levine provides that, to establish reckless disregard under § 168 In, "[a]n interpretation that favors the agency must be 'objectively unreasonable’ under either the text of the Act or ‘guidance from the courts of appeals or the Federal Trade Commission that might have warned [the agency] away from the view it took.’ ” Levine, 554 F.3d at 1318 (second alteration in original).