[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14690
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-20237-RNS

JOSEPH CELESTINE,

Plaintiff-Appellant,

versus

CAPITAL ONE,
CAPITAL ONE AUTO FINANCE,
CAPITAL ONE BANK (USA) NA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Joseph Celestine appeals *pro se* following the District Court's dismissal of his second amended complaint against Capital One N.A., Capital One Auto Finance, and Capital One Bank USA, N.A. ("Appellees"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  On appeal, he argues that his second amended complaint should not have been dismissed because it was not a "shotgun" pleading, and he adequately pled a willful or negligent FCRA violation and that Appellees lacked a statutorily permissible purpose. Additionally, he challenges the Magistrate Judge's denial of his motion to compel. Appellees, in turn, respond that Celestine has waived his arguments because he did not expressly challenge an independent ground upon which the District Court based its dismissal, namely, the failure to sufficiently plead a willful or negligent violation of the FCRA.

For ease of reference, we will address each point in turn.

I.

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss, viewing the allegation in the complaint as true and in the light most favorable to the plaintiff.   *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, we will review for an abuse of discretion the failure to follow court pleading rules.  *Weiland v. Palm Beach Ct. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Where exhibits are submitted that contradict the alleged facts,

the exhibits control, despite our construction of facts in favor of their truth. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). We will not consider arguments raised for the first time in a reply brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Failure to clearly raise a specific challenge to one of the grounds on which the district court based its judgment results in the abandonment of any challenge on that ground, and it follows that the judgment is due to be affirmed. *Id.* A claim is not adequately briefed if the party does not "plainly and prominently" raise it. *Id.* at 681 (internal quotations omitted). While *pro se* pleadings are given a liberal construction, this abandonment rule applies equally to *pro se* litigants. *Timson*, 518 F.3d at 874.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

*Id.* 10(b).

For a complaint to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the grounds for relief. *See id.* "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

"Shotgun" pleadings do not contain only a "short and plain statement of the claim"—as Rule 8 mandates—and we have condemned them repeatedly. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Although there are different types of "shotgun" pleadings, all are characterized by their failure to give the defendants adequate notice of the claims against them and the grounds upon which each rests. *Weiland*, 792 F.3d at 1322. One type of "shotgun" pleading involves a "situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Another type is so "replete

with conclusory, vague, and immaterial facts" that is it "not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

The FCRA provides that a consumer report should only be "obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). A credit report may be furnished to a consumer who did not initiate it where it "consists of a firm offer of credit or insurance." *Id.* § 1681b(c)(1)(B)(i). Where the transaction is not initiated by the consumer, § 1681m(d) requires the creditor to make a firm offer of credit to each of the targeted consumers, at least where a "written solicitation [is] made to the consumer regarding the transaction." *Id.* § 1681m(d); *see Levin v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1121 (11th Cir. 2009).

The FCRA requires either willful or negligent violations to impose civil liability. *Levin*, 554 F.3d at 1318; *see* 15 U.S.C. §§ 1618n, 1618o. A willful violation requires proof that "a consumer reporting agency either knowingly or recklessly violated the requirements of the Act." *Levin*, 54 F.3d at 1318. A reckless violation of the FCRA requires the consumer to establish that the agency's action "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* (quoting *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2204 (2007)).

Here, Celestine's challenge to the District Court's dismissal of his second amended complaint fails for two reasons.  First, procedurally, he has not made a discrete argument adequately challenging an independent ground upon which the District Court's order was based: the failure to allege that Appellees acted willfully or negligently in violation of the FCRA.  Thus, affirmance is warranted for this reason alone.  *See Sapuppo*, 739 F.3d at 680.

Second, even if we consider that point as raised and review the merits, none of the District Court's three bases for dismissing Celestine's second amended complaint were erroneous.  The District Court did not abuse its discretion in finding that his second amended complaint was a shotgun pleading, as many of his claims contained irrelevant factual allegations and legal conclusions blended together, the allegations were often conclusory, vague, and immaterial, and many of his allegations were mere recitations of the elements of a FCRA claim.  The District Court also did not err in finding that Celestine failed to adequately allege an impermissible purpose in violation of the FCRA, because the credit reports submitted by Celestine with his complaint shows that they were promotional inquiries that did not affect his credit rating and were using his consumer information to provide a "firm offer of credit."  Thus, Appellees were permitted to access his consumer reports without Celestine initiating a transaction with them under § 1681b(c)(1)(B)(i) and § 1681m(d).  *See Griffin Indus., Inc.*, 496 F.3d at

6

1206 (favoring exhibits over alleged facts where they contradict). Finally, the District Court did not err in finding that Celestine failed to allege sufficient facts to support his claim that Appellees willfully or negligently violated the FCRA because his second amended complaint only presented conclusory allegations and statements of the law, and was unsupported by any plausible facts.

Accordingly, we affirm the dismissal of Celestine's second amended complaint.

## II.

We ordinarily review the denial of a motion to compel discovery for an abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). However, where the party appealing the denial of a non-dispositive motion failed to object to or appeal the magistrate judge's decision to the district court, that party waives his argument that the magistrate judge erred in denying the order. Fed. R. Civ. P. 72(a); *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2015).

Here, Celestine failed to object to the denial of his motion to compel below, and we will not review it now.[1] *See Farrow*, 320 F.3d at 1248 n.21. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Moreover, even on the merits, we would affirm because it was not an abuse of discretion to deny the motion to compel. Celestine filed his motion before even filing his first amended complaint, and it appears that the Magistrate Judge sought to postpone review until the case was more fully developed. Under the circumstances, denial of Celestine's motion was reasonable.